**In the Matter of Florice HERSCH, Debtor.**

**Bankruptcy No. 82–789.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Aug. 19, 1982.

Stephen Beneke, Clearwater, Fla., for debtor.

Daniel Herman, Largo, Fla., for creditor, Jack Leach.

**44**

## ORDER ON OBJECTION TO CLAIMED EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a right of Florice Hersch, the Debtor currently involved in the Chapter 7 liquidation case, to claim exemptions under the applicable local law. Her right to exemptions is challenged by a creditor who contends that she is not head of the household and, therefore, she is not entitled to the benefits provided by the exemption laws of this State, Art. X, Sec. 4, Fla.Const.; Sec. 222.01 et seq., Fla.Stat.

The evidence as developed at the final evidentiary hearing reveals that Florice Hersch is a divorced person and has two minor children who live with her. She is employed and earns approximately $600 a month. Prior to her divorce, she was married to Mr. Stephen Hersch who is a certified public accountant. The property where she resides with her minor children was awarded to her as part of the divorce proceeding. While she has given full custody of the children, her husband was granted regular visitation rights which he is exercising without fail. It is not seriously disputed that the former husband pays no alimony, but pays $1,000 a month child support and without this support she would not be able to maintain the family in a manner they were accustomed to prior to the divorce. The evidence is without serious dispute and it is uncontradicted that she does actively supervise the education of the children; that she regularly makes decisions concerning their upbringing and she generally discharges the duties and responsibilities of the head of the family unit. Thus, it appears that this case would not ordinarily present any problem and she would qualify to be the head of the household. However, there are some additional undisputed facts which makes this conclusion not so self evident.

First, the former husband furnishes practically all support for the entire family including the Debtor; second, the former husband, as noted, regularly exercises his rights of visitation, and no doubt participates in the upbringing of the children; third the children are alternately spending time with their father on a weekly basis and the father maintains a close relationship with the children. Moreover, the husband himself has filed a voluntary petition and claimed exemptions on the ground that he is the head of the household and this is the most disturbing aspect of this case. It now appears that the former husband amended his Schedule B–4 and no longer claims to be head of the household and in turn no longer claims any exemptions. It should be noted, however, that this amendment was not filed until the objection to the claim of exemption was interposed by the creditor.

Both sides agree and there is no serious argument that the exemption laws of this State are available only to those who qualify to be head of the household. *Moorhead v. Yongue,* 134 Fla. 135, 183 So. 804 (1938); *Jones v. Federal Farm Mortg. Corp.,* 138 Fla. 65, 188 So. 804 (1939); *Nelson v. Franklin,* 152 Fla. 694, 12 So.2d 771 (1943).

It is without any serious dispute that there cannot be two heads of one family unit and in a split household situation the Court must make a determination based on the facts involved in each case who is, in fact, the head of the household. *Solomon v. Davis,* 100 So.2d 177 (Fla. 3d DCA); *Anderson v. Garber,* 183 So.2d 693 (Fla. 3d DCA), cert. denied 188 So.2d 820 (Fla.), *app. dismd.* 189 So.2d 631 (Fla.1966).

It is also clear that the parties cannot stipulate as to who is the head of the household, *Solomon v. Davis, supra,* and the material support alone is not a determining factor but the Court must consider all the attending circumstances in resolving the question.

There is no doubt that even though the family unit is split as a result of the divorce proceeding and the custody of the minor children is awarded to the mother, the father may still remain the head of the household. *Osceola Fertilizer Co. v.*

*Sauls,* 98 Fla. 339, 123 So. 780 (1929). The dependence of the constituent members need not be absolute, *De Cottes v. Clarkson,* 43 Fla. 1, 29 So. 442 (1901); *Caro v. Caro,* 45 Fla. 203, 34 So. 309, (1903), nor is it necessary that the dependents receive all their support from the one claiming headship, *Caro v. Caro, supra.*

 Applying the foregoing principles to the matter under consideration, it is the considerable opinion of this Court that the Debtor is deemed to be head of the household, thus, entitled to the claimed exemptions. This conclusion is based on the following:

While it is true that the Debtor and the children are basically supported by the former husband, the $1,000 monthly child support was, no doubt, structured in order to give a tax advantage to the former husband. There is hardly any question that children of such tender age do not require $1,000 per month and the bulk of this provision was, in fact, an alimony provision for her at least in substantial part, especially since she was not awarded any alimony, not even rehabilitative alimony which she otherwise would have certainly been awarded. Thus, the fact that the husband furnishes the major portion of the support for the family is not really determinative of this question. It should be stated at the outset that exemption laws have always been liberally construed in favor of the claim in order to achieve the beneficial purpose for which it was created: to preserve home and shelter for the family, so as to prevent the family from becoming a public charge. *Vandiver v. Vincent,* 139 So.2d 704 (Fla. 2d DCA 1962). Notwithstanding the foregoing, Courts would not tolerate an abuse of exemption rights and would not permit them to be used for the commission of fraud on creditors. *Vandiver v. Vincent, supra.* There must be a strong showing that the claimant is not entitled to the claimed exemptions. There is no evidence in this case that the Debtor and her former husband arranged their affairs in such a fashion that would insure that creditors are deprived of their just claims. Had they intended to accomplish this, they easily could have arranged their divorce in a fashion which would have dispelled any doubt of her right to claim exemptions.

Concerning the totality of the circumstances in this case, this Court is, with some reluctance, constrained to recognize her to be the head of the household, thus entitled to the exemptions.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemptions be, and the same hereby is, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the exemptions claimed by the Debtor be, and the same hereby are, allowed.