422 So.2d 71 (1982)
M.O. LOGUE SOD SERVICE, INC., Appellant,
v.
Alice Susan LOGUE, Appellee.
No. 82-753.
District Court of Appeal of Florida, Second District.
November 17, 1982.
James M. Nixon, II and Douglas A. Wallace, Bradenton, for appellant.
Walter R. Talley and William H. Meeks, Jr., Bradenton, for appellee.
OTT, Chief Judge.
Within a period of slightly less than six months (1) appellee's former husband suddenly disappeared from the family home, titled in his name alone, leaving all of his possessions with appellee and their minor child, (2) appellee filed for dissolution of marriage, (3) appellant obtained a judgment against the husband, and (4) the court in the dissolution proceeding awarded the parties' home to appellee as lump sum rehabilitative alimony "and/or" a special equity. In an action against appellant to quiet her title to this property, appellee established (1) that the husband was family head prior to his departure, and (2) that she and the *72 minor child continued to reside on the property until it was awarded to her. In support of its claim that the homestead was legally abandoned by the husband, appellant argues here that husband's headship terminated immediately upon his disappearance from his home and family. Appellant relied almost exclusively on the fact that, after his departure, no support was furnished the family by the husband other than that afforded by his personal possessions and the shelter of the home. The wife was forced to subsist on welfare and food stamps. She borrowed money from her mother to meet the mortgage payments on the home until she could secure title through the dissolution proceedings. The trial judge concluded that the evidence did not establish abandonment of the homestead by the husband, that the husband continued to be the family head following his departure, and that homestead in him continued until the property was awarded to appellee.
Neither of the parties has found a decision involving these precise facts and our own research has disclosed none.
We start with the following premises: (1) the homestead law is to be liberally construed for the benefit of those whom it was designed to protect, LaGasse v. Aetna Insurance Co., 213 So.2d 454, 459 (Fla.2d DCA 1968); (2) when homestead status has been acquired, it continues until the homestead is abandoned (normally evidenced by the establishment of a domicile at some other place) or alienated in the manner provided by law, Marsh v. Hartley, 109 So.2d 34, 38 (Fla.2d DCA 1959); and (3) continuous uninterrupted physical presence is not required to create a homestead. Poppel v. Padrick, 117 So.2d 435, 436-437 (Fla.2d DCA 1959).
We are impressed with the circumstances attending the husband's departure and the relatively short period of time which elapsed between his departure and the entry of judgment in the dissolution action. On October 18, 1980, the husband left the parties' home saying he was going to the nearby 7-Eleven and would be right back. He did not take his clothing, automobile, or other possessions or close his bank account. Appellee filed for dissolution of marriage on November 3, 1980, for the primary purpose, it appears, of securing the title to the home for the support and benefit of herself and the minor child. Appellant obtained a default final judgment against the husband on December 24, 1980. Appellant is owned by the father of appellee's former husband, and the husband either worked for or certainly was very closely associated with his father's business until his abrupt and apparently totally unexpected disappearance. The final judgment in dissolution was entered April 16, 1981.
Under the circumstances of this case, we are unable to fault the finding and conclusion of the trial judge that headship of the family continued in the husband from the date of his departure until the entry of judgment dissolving the marriage. He, as the trier of fact, obviously concluded that appellant's evidence fell short of establishing abandonment or loss of the constitutional protection of the homestead for the benefit of the wife and minor child.
The judgment is AFFIRMED.
HOBSON and GRIMES, JJ., concur.