**In re Narin IMPRASERT and Nipapan Imprasert, Debtors.**

**Bankruptcy No. 88–572–BKC–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 7, 1988.

Carolyn McMullen, Tampa, Fla., for debtors.

Charles Weissing, Tampa, Fla., Trustee.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is a challenge by the Trustee Charles L. Weissing (Trustee) to the homestead exemption claim of Narin and Nipapan Imprasert (Debtors). It is the contention of the Trustee that the residential home located at 1909 Colleen Street, Sarasota, Florida, does not meet the requirements of the homestead exemption as set forth in Fla. Const. Article X, Section 4 and, therefore, is subject to administration by the Trustee for the benefit of the general estate.

The facts germane and relevant to the issue raised by the Trustee as established at the final evidentiary hearing are as follows:

On June 13, 1980, the Debtors purchased a home located at 1909 Colleen Street, Sarasota, Florida, from Mr. and Mrs. Kohler (Trustee's Exhibit 1). The Debtors resided on this property together with their children until May of 1987. It appears that in October of 1985, Narin Imprasert acquired certain commercial property located in Tampa, Florida, from Frank K. Houston, Jr., who, it appears, retained a mortgage on the commercial property. It further appears that the Debtors established and operated a restaurant on the commercial premises until they encountered financial difficulties and became involved in extensive litigation with Houston, who apparently instituted a foreclosure action in which the Debtor asserted a counterclaim.

On April 29, 1987, the Debtors acquired residential property located at 3810 W. Wallace Avenue in Tampa, Florida (Trustee's Exhibit 3), from James B. Askew. The Debtors actually resided on the property on February 3, 1988, the date the Debtors filed their Voluntary Petition for Relief under Chapter 7, and enrolled their chil-

dren in the Hillsborough County Schools. One Mr. Vacharachai Thirawatananond, a friend from whom the Debtors had borrowed $10–15,000.00 to commence their business, resided with the Debtors on the Wallace Avenue property until October 19, 1987. It appears, and the record on this point is clear that the Wallace property was subsequently conveyed to Mr. Thirawatananond in part repayment of the monies borrowed by the Debtors from Mr. Thirawatananond.

It is without dispute that during the same time, the property owned by the Debtors in Sarasota was rented for a one-year term commencing on May 1, 1987, and ending on April 30, 1988. There is no evidence in this record, however, that the property was placed on the market for sale nor that there was an understanding or agreement with the tenant that the tenant had an option to purchase the property. It further appears that the tenant occupying the Sarasota property defaulted, and on February 19, 1988, the Debtors caused a Notice of Eviction to be issued by the Sheriff of Sarasota County on the tenant, Henry Beaver. It further appears that on March 10, 1988, the Debtors obtained from the County Court of Sarasota a Writ of Possession and after having regained possession, moved back to the property and currently live in the property with their family (Debtors' Exhibit 4).

These are basically the facts which, according to the Trustee, warrant the conclusion that the Debtors have abandoned their former residence located in Sarasota and, therefore, on the date of the commencement of the case, the Sarasota residence could not qualify for the homestead exemption. In opposing the Trustee's claim, the Debtors contend that they never intended to abandon the Sarasota property as their permanent residence; that their presence in Tampa was temporary and necessitated only because of the protracted litigation with the landlord of the commercial property which required the presence of the Debtor constantly; that the Debtors never intended to make the Wallace Avenue property their residence and that this intent is evidenced by the fact that as soon as the

litigation with the landlord was concluded by entry of a final judgment of foreclosure on October 7, 1987, the Debtors did, in fact, return to Sarasota where they have resided ever since.

Art. X, § 4 of the Florida Constitution, which governs the resolution of this matter, provides in pertinent part as follows:

4. Homestead—exemptions

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family

. . .

There is no question that the Florida homestead is liberally construed in favor of the party claiming the exemption and that the exemption's purpose is to protect and foster the family home. *See In the Matter of Hersch*, 23 B.R. 42 (BKR M.D.Fla.1982); *Hospital Affiliates of Florida, Inc. v. McElroy*, 393 So.2d 25 (1981). Thus, the burden is on the objecting party to make a strong showing that the claimant is not entitled to the claimed exemption. *In the Matter of Hersch*, supra. It is also clear that in the event the family home is abandoned, it loses its exempt status. *In re McCarthy*, 13 B.R. 389 (BKR M.D.Fla. 1981); *M.O. Logue Sod Service, Inc. v. Logue*, 422 So.2d 71 (1982). Abandonment, however, may only be proved by a strong showing of the Debtor's intent not to return

to the residence, and mere absence due to health, financial, or family reasons generally does not constitute an abandonment. *Monson v. First National Bank of Bradenton*, 497 F.2d 135 (5th Cir.1974).

 In the instant case, this Court is satisfied that the Debtors left their Sarasota home for financial reasons only and possessed an actual intent to return to the Sarasota residence and live there as their permanent place of residence once the litigation in Tampa concluded. The Debtors' retention of ownership of the Sarasota property further evidences this intent. Therefore, it appears clear that the Debtors cannot be deemed to have abandoned the Sarasota home, and the Objection to Claim of Exemption should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Debtors are hereby entitled to claim as exempt the property located at 1909 Colleen Street, Sarasota, Florida.