**In re John Ronald GOODE and Diana Felicia Goode, Debtors.**

**Bankruptcy No. 92–8208–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 24, 1992.

Roger L. Waltemyer, Ft. Myers, Fla., for debtors.

Jeffrey W. Leasure, Ft. Myers, Fla., for creditor.

Eugene V. Allen, U.S. trustee.

### ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a challenge by First Independence Bank (Bank), of the homestead exemption claim of John and Diana Goode (Debtors). It is the contention of the Bank that the Debtors' residential property located at 12339 Oak Brook Court, Fort Myers, FL 33908 does not meet the requirements of the homestead exemption as set forth in Fla. Const.

Article X, Section 4, and therefore, is subject to administration by the Trustee for the benefit of the Debtors' estate. The record as established at the duly noticed hearing reveals the following facts relevant to resolution of the Bank's objection.

Prior to 1984, the Debtors resided in New Hampshire. While in New Hampshire, the Debtors were involved in buying, rehabilitating and then selling, real property. In 1984, the Debtors moved to Florida, and purchased the residence in Fort Myers located at 12339 Oak Brook Court, the property involved in this controversy. In late 1990, the Debtors began to experience financial difficulties with their properties located in New Hampshire, and returned to New Hampshire to oversee and attempt to save their real estate holdings.

Before returning to New Hampshire, the Debtors placed their Fort Myers residence on the market in an attempt to sell the property. Failing in this, they decided to lease the property. Ms. Judith Thompson (Thompson) who learned about the availability of the Debtors' residence contacted the Debtors and on September 1, 1990 entered into a one year lease commencing on September 15, 1990. The lease provided for an option to renew the lease at the end of one year. At the end of the one year, the Debtors offered to sell Thompson the property, but the parties could not agree on a price for the property. Thereafter, Thompson continued to reside at the property leased on a month to month basis and in fact still resides at the property, and did so on the date of the commencement of this case. While the Debtors did return to Florida periodically during the winter, they have not spent winters in Florida in the past two years.

In addition to the real property, the Debtors also own a pick-up truck and a boat, both of which are registered in the State of New Hampshire. The Debtors each hold real estate broker licenses issued both by the State of Florida and the State of New Hampshire. Both Debtors are registered to vote in Florida, and hold Florida driver's licenses.

On June 17, 1992, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. On their voluntary petition they listed as their address of record the following: 12339 Oak Brook Court, Fort Myers, FL 33908. In addition, the Debtors on the Schedule C claimed this property as exempt as their homestead pursuant to Article X, Section 4 of the Florida Constitution.

These are basically the facts based on which the Bank contends that while the Fort Myers property may have qualified as homestead property at one time, the Debtors effectively abandoned their homestead in Fort Myers, and therefore, on the date of the commencement of the case, the Fort Myers residence could not qualify for the homestead exemption provided by the Constitution of this State. In opposing the Bank's challenge, the Debtors claim that they never intended to abandon the Fort Myers property as their permanent residence; that their absence was temporary and necessitated only by the financial difficulty which required their presence in New Hampshire; and that they always intended to return to Fort Myers. In support of this proposition, the Debtors point out that by the shortening of the rental term of the Fort Myers house to month to month, the retention of the Florida driver's licenses and their Florida voter registration and the fact that the Debtors left their furniture and personal property in the Fort Myers house clearly support the proposition that they did not abandon their homestead.

Article X, Section 4 of the Florida Constitution, which governs the resolution of this matter, provides in pertinent part as follows:

4. Homestead—exemptions

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the *residence of the owner or his family* ... (emphasis supplied)

There is no question that the homestead provision of the Florida Constitution should be liberally construed in favor of the party claiming the exemption and that the exemption's purpose is to protect and foster the family home. *In the Matter of Hersch*, 23 B.R. 42 (Bankr. M.D.Fla.1982), *Hospital Affiliates of Florida, Inc. v. McElroy*, 393 So.2d 25 (1981). Thus, the burden is on the objecting party to make a strong showing that the claimant is not entitled to the claimed exemption. *In re Imprasert*, 86 B.R. 721 (Bankr. M.D.Fla.1988). It is also clear that in the event the family home is abandoned, it loses its exempt status. *In re McCarthy*, 13 B.R. 389 (Bankr.M.D.Fla.1981); *M.O. Logue Sod Service, Inc. v. Logue*, 422 So.2d 71 (1982). Abandonment, however may only be proved by a strong showing of the Debtor's intent not to return to the residence, and mere absence due to health, financial, or family reasons generally does not constitute an abandonment. *Monson v. First National Bank of Bradenton*, 497 F.2d 135 (5th Cir.1974); *In re Imprasert, supra.*

In the instant case, this Court is satisfied that the Debtors did in fact abandon their homestead in Fort Myers. It is without dispute that the Debtors attempted time and time again to sell this homestead even before they moved to New Hampshire and continued to do so after their departure to New Hampshire. The fact of the matter is that they would have sold the property to Ms. Thompson if she agreed to pay the price asked by the Debtors. The Debtors self-professed intention to return to Fort Myers is contradicted by their living circumstances. They transferred their active bank accounts to New Hampshire, their exclusive gainful employment was in New Hampshire and they registered their motor vehicles and boat in New Hampshire. Finally, although the Debtors listed the Fort Myers property as their address of record, it is clear that the Debtors had not lived in that property for more than two years preceding the commencement of this Chapter 7 case. Based upon the foregoing, this Court finds that the Debtors have abandoned the Fort Myers home, and the Bank's Objection to the Claim of Exemption is sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to the Claim of Exemption filed by First Independence Bank is hereby sustained. It is further,

ORDERED, ADJUDGED AND DECREED that the claim of exemption of the property described as 12339 Oak Brook Court, Fort Myers, FL 33908 is disallowed, and the property shall be subject to administration by the Trustee for the benefit of the general estate.

DONE AND ORDERED.