**In re the Matter of Norma BETANCOURT a/k/a Norma Corso, Debtor.**

**No. 92–16687 BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

April 23, 1993.

Kathe Kozlowski, Miami, FL, for debtor.

Arthur S. Weitzner, Miami, FL, U.S. Bankruptcy Trustee.

Brian Behar, Miami, FL, for MMH Venture, creditor.

### MEMORANDUM OF DECISION

A. JAY CRISTOL, Bankruptcy Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a challenge by the Trustee Arthur Weitzner (Trustee) to the homestead exemption claim of Norma Betancourt (Debtor). It is the contention of the Trustee that because the debtor rented her condominium to a third party under a one year commercial lease, the condominium home located at 9417 Fountainbleu Blvd., #108, Miami, Florida does not meet the homestead requirements of the homestead exemption as set forth in Florida Constitution Article X section 4 and Florida Statute § 196.061 and therefore is subject to administration by the Trustee for the benefit of the general estate.

The facts germane and relevant to the issue raised by the Trustee as established at the final evidentiary hearing on March 25th, 1993 are as follows:

The Debtor resided in the claimed homestead property for approximately six years until July 30, 1992 wherein the Debtor entered into a 1 year rental lease agreement to rent her unit to a third party (Debtor's Exhibit 1). The Debtor's reason for renting her unit was for the purpose of helping her daughter and grandchildren in their time of need in New York and that her financial limitations would not permit the unit to remain vacant while she was in New York with her family. The event of Hurricane Andrew changed the plans of the family and the Debtor returned alone to Miami at the end of August 1992.

In opposing the trustee's claim, the Debtor testified that she requested the tenants to vacate the unit which was refused because of the valid one year lease and the housing shortage in Miami. The Debtor was forced to find other accommodations until such time as the Debtor was able to move back into her unit. (Debtor's Exhibit 2). It further appears that the tenants defaulted under the commercial lease and that the Debtor on February 16th, 1993 began eviction proceedings (Debtor's Exhibit 3). The Debtor contends that she never intended to abandon her Miami residence and there was no testimony presented to the contrary.

These are basically the facts which according to the Trustee warrant the conclusion that the Debtor abandoned her former residence in Miami. Therefore, on the date of the commencement of the Chapter 7 case on November 24, 1992 the former

residence did not qualify for the homestead exemption pursuant to the Florida Constitution Art. X § 4. The Trustee also relies on Florida Statute § 196.061, a Taxation and Finance statute which caption reads *"Rental of homestead to constitute abandonment"* to further support his position of abandonment: that the rental of the homestead property constitutes abandonment as stated by F.S. § 196.061.

Art. X § 4 of the Florida Constitution, which governs the resolution of this matter provides in pertinent part as follows:

4. Homestead—exemptions

(a) There shall be exempt from forced sale-under process of any court, and no judgment, decree or execution shall be a lien thereon, except for payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:

(1) a homestead, if located outside a municipality to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family
. . .

Florida Statute § 222.01, titled *"Designation of homestead by owner before levy"*, states

"whenever any person residing in this state desires to avail himself of the benefit of the provisions of the constitution and laws exempting property as a homestead from forced sale under any process of law, he may make a statement, in writing, containing a description of the real property . . . claimed to be exempt and declaring that the real property . . . is the homestead of the party in whose behalf such claim is being made". . . .

 "In Florida, homestead is liberally construed in favor of the party claiming the exemption and that the purpose of this is to protect the family home." *In re The Matter of Hersch* 23 B.R. 42 (BKR M.D.Fla.1982) at page 43; *In re Imprasert* 86 B.R. 721 (BKR M.D.Fla.1988). In *In re Shillinglaw* 81 B.R. 138 (BKR S.D.Fla. 1987) Chief Judge Britton observed that the "temporary absence of an owner for reasons of health, business or recreation from his residence and the temporary rental of his home during this absence do not necessarily demonstrate an intent to abandon the premises". footnote 3 on page 140.

In *Imprasert* (supra) the debtors rented their homestead property under a one year lease to a third party. Judge Paskay addressing the issue of abandonment of a claimed homestead exempt property and found that the action of the debtors renting their home for a limited period of time did not constitute an abandonment of the homestead property. That before the abandonment of homestead may be proved there must be a strong showing of the debtor's intent not to return to the homestead.

The Second District Court of Appeal in *M.O. Logue Sod Service, Inc., v. Logue* 422 So.2d 71 (Fla. 2 DCA 1982) a dissolution of marriage case, the Court in discussing the concept of homestead exemption status started with the premise that "(1) the homestead law is to be liberally construed for the benefit of those whom it is designed to protect, (2) that when homestead status has been acquired, it continues until the homestead is abandoned (normally evidenced by the establishment of a domicile at some other place) or alienated in the manner provided by law, (3) continuous uninterrupted physical presence is not required to create a homestead." at page 72.

 It is the testimony of a credible witness that the reason she chose to temporarily leave her homestead property and put it in rental status with the intention to return to it was for the noble purpose of going to help her family in their time of need. There has been no testimony whatsoever that the Debtor did not intend to go

back and that was sufficient proof are that it was always her intention to return to the homestead property. Therefore she is entitled to the homestead exemption granted by the Florida opt-out provisions to the Bankruptcy law.

The Trustee's objection is also based on Florida Statute § 196.061 and a simple reading in the classical Justice Scalia manner of the caption of § 196.061, *Rental of Homestead to Constitute Abandonment.* However, the caption is not a part of the original law. The caption was dreamed up by somebody who worked in either the Attorney General's Office or the Legislative Reference Bureau and has no legal significance whatsoever; so much for a simple Justice Scalia plain language determination.

Counsel for the debtor states that homestead has two meanings. I disagree. I believe it has at least four meanings.

There were the olden days when you got on your wagon and you were pulled by your horse and they shot a gun and you raced out into the prairie and found 40 acres and put your stakes down, and that was your homestead; and then there was a city that almost got blown away by Hurricane Andrew also known as Homestead, and then there is homestead exemption which confers a benefit upon Florida residents of a $25,000 tax exemption for their property. Finally we come to the homestead which is exempt from levy under the Florida Constitution Article X, § 4, and that is the homestead which we are dealing with in this case.

I believe that a reading of the Statute makes it clear that F.S. § 196.061 is talking about what happens if you rent your property. While rented, you abandon your right to get the tax credit on the homestead real estate tax exemption. If you are in the armed service, the Statute may not apply. It seems to indicate that if you come back, you can get your homestead exemption back. The *Shillinglaw* and *Imprasert* cases say that the temporary absence from a homestead and the renting does not constitute abandonment, if there is an intention to return to the homestead. It is my decision to follow those cases. Florida Statute § 196.061 does not apply to the bankruptcy exemption but rather it is directed to the tax exemption on homestead property.

## JUDGMENT

It is hereby ORDERED, that the Objection to Claim of Exemption is overruled;

And it is further ORDERED that the Debtor is entitled to claim as exempt the property located at 9417 Fountainbleu Blvd., #108, Miami, Florida 33172.

DONE and ORDERED.