In re Phyllis A. HARRISON, Debtor.

**Bankruptcy No. 98–14256–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 12, 1999.

Phyllis A. Harrison, Louis S. Erickson, Naples, FL, for Debtors.

Thomas S. Heidkamp, Leasure, Gargano, Marchewka & Heidkamp, Ft. Myers, FL, for Chapter 7 Trustee.

Sara Kistler, Timberlake Annex, Tampa, FL, for Assistant United States Trustee.

## ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 case is the Motion for Summary Judgment filed by Thomas S. Heidkamp (Trustee), regarding his Objection to Phyllis Harrison's (Debtor) claim of homestead exemption. The facts relevant to the resolution of this motion as they appear on the record are as follows:

The Debtor claims homestead exemption in property located at 1962 Sheffield Avenue, Marco Island, Florida. The Trustee objects on the basis of entitlement.

The Debtor obtained a divorce from Christopher Hoef in November 1997. Pursuant to their Marriage and Property Settlement Agreement, their formal marital residence located in Marco Island (Marital Residence) is currently up for sale. The Debtor is entitled to the first $7,000 of the sale proceeds in exchange for waiving her rights to her ex-husband's 401k. The remaining sale proceeds will be divided 55% to the Debtor and 45% to her ex-husband. The Agreement also states that the Marital Residence shall be maintained in a salable condition by both parties.

According to the Debtor, following the divorce, she resided at the Marital Residence "from time to time" with their two minor children. However, the Debtor admits that from June 1998 until the present, the Debtor's ex-husband has resided at the Marital Residence with one of their children, while the Debtor and their other child have resided at 149 East Pago Pago Drive in Naples, Florida pursuant to a lease agreement.

The Debtor filed her voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on August 17, 1998. On that date, the Debtor resided at the Naples premises, not at the Marital Residence. The Debtor's petition also reflects the Naples premises as her residence. Nevertheless, the Debtor states in her affidavit that she "never intentionally abandoned the marital residence ... as [her] homestead" and, moreover, that she "intend[s] to use the proceeds from the sale of the property to establish a new homestead when the property does in fact sell."

▮ Article X, § 4 of the Florida Constitution provides one of the strongest exemption protections to citizens of this state—the homestead exemption. It is well established that the homestead exemption should be liberally construed in favor of the party claiming the exemption in order to achieve its beneficial purpose of protecting and preserving the family home to the extent that the exemption does not become an instrument of fraud. *See Quigley v. Kennedy & Ely Insurance, Inc.*, 207 So.2d 431, 432 (Fla.1968); *see also In re Goode*, 146 B.R. 860, 861 (Bankr.M.D.Fla. 1992). A liberal construction allows for the family to retain a home and shelter and thus avoid destitution. *See Orange Brevard Plumbing v. La Croix*, 137 So.2d 201, 204 (Fla.1962). Accordingly, exceptions to the homestead exemption should be strictly construed. *See Quigley*, 207 So.2d at 432; *In re Clements*, 194 B.R. 923, 927 (Bankr.M.D.Fla.1996).

▮ The burden is on the objecting party to make a strong showing that the claimant is not entitled to the claimed exemption. *See In re Imprasert*, 86 B.R. 721, 722 (Bankr.M.D.Fla.1988). Abandonment of the family home is one way to lose the protection of the homestead exemption. *See Teasdale v. Frederick*, 183 B.R. 968, 970 (Bankr.M.D.Fla.1995); *In re Goode*, 146 B.R. 860, 861 (Bankr.M.D.Fla. 1992). Abandonment, however, may only be proven by a strong showing of the debtor's intent not to return to the residence, and mere absence due to health, financial, or family reasons does not constitute abandonment. *See Monson v. First National Bank of Bradenton*, 497 F.2d 135, 138–39 (5th Cir.1974); *Goode*, 146 B.R. at 861.

▮ In addition to the protection of the actual homestead, the Florida Supreme Court has extended the protection of the exemption to proceeds from the sale of homestead property. *See Orange Brevard Plumbing*, 137 So.2d at 204, 206. Proceeds from the voluntary sale of homestead property receive exemption protection under the Florida Constitution if, and only if, the debtor shows by a preponderance of the evidence an abiding good faith intention prior to, and at the time of, the sale of the homestead to reinvest the proceeds in a new homestead within a reasonable time. *See id.* at 206. The "reasonable time" within which the sale proceeds must be reinvested in acquiring another homestead must be determined from the facts and circumstances of each case. *See id.* at 207. However, only that portion of the proceeds that are intended to be reinvested are exempt, and, as the Court was careful to point out, "... the funds realized from such sale enjoy an exempt status provided the other requirements for such exemption as herein set forth are fully met." *Id.* at 206–07. In reaching this holding, the Court explained that the homestead exemption was not placed in the Constitution to bind the owner to one particular homestead, particularly in today's mobile society, and to hold that proceeds intended to be reinvested are not exempt from creditors' claims would deny a debtor who need to move the full benefit of the exemptions protection and go against the policy of liberal construction. *See id.* at 206.

▮ Last fall, the Bankruptcy Court for the North District of Florida applied the reasoning of the *Orange Brevard Plumbing* Court to a case of first impression in Florida—which parallels the pres-

ent matter—to find that the homestead exemption extended to expected sale proceeds, even though the former homestead had not yet been sold and funds not yet received, since the debtors clearly intended to use the funds to purchase a new homestead in Florida. *See In re Beebe,* 224 B.R. 817 (Bankr.N.D.Fla.1998). Because the debtors clearly indicated their continuing good faith intent to both sell the property and invest the proceeds in a new homestead within a reasonable time, the court found that debtors did not "abandon" their homestead even though they had left the property prior to filing for their petition for relief, with no intention to return, in order to move into a rental property for work-related reasons. *See id.* at 821; *cf. In Matter of McGuire,* 37 B.R. 365 (Bankr.M.D.Fla.1984) (holding proceeds from a debtor's voluntary sale of homestead property did not retain the character of exempt property in absence of evidence that the debtor, who died several months after the sale, had not taken any steps to arrange for the purchase of a replacement residence or that he had any intention to do so). Addressing the factual scenario presented in *Beebe,* which presented a case of first impression in Florida, Judge Killian explained:

> It is clear that if [the debtors] had sold the home prior to moving, the proceeds would be exempt so long as they intended to use those proceeds to purchase a new home within a reasonable period of time. The fact that they have not been able to convert the home to proceeds prior to their departure should not matter. To hold otherwise would be contrary to the strong policy considerations expressed in *Orange Brevard Plumbing.*

*Beebe,* 224 B.R. at 821 (citations omitted).

It is without dispute and conceded by the Debtor that on the date of commencement of her Chapter 7 case, the former Marital Residence in Marco Island was not her actual residence. The fact of the matter is that she has not resided at the Marital Residence since June, 1998—three months prior to her date of filing. However, it is equally true that by virtue of the Marriage and Property Agreement, she remains the co-owner of the property together with her ex-husband as tenants-in-common, the property is currently listed for sale, and the proceeds of the sale are to be divided between the Debtor and her ex-husband.

While the facts relevant to the Debtor's claim of exemption appear to be similar to *Beebe,* the evidence in *Beebe* established that the debtors had already made a purchase offer on another residence in Florida that was contingent on the sale of their former homestead. In contrast, in the present instance, nothing in the record supports crucial findings: first, that the sale will produce sufficient funds to buy a new homestead; second, that the funds obtained from the sale were intended to be segregated and earmarked for the purchase of a new homestead; and third, irrespective of whether a new homestead could be acquired, that the new homestead will actually be in Florida or in some other state.

In sum, this record lacks sufficient clarity to permit a conclusion that, pursuant to *Orange Brevard Plumbing* and *Beebe,* the sale proceeds yet to be received—if any— will or will not retain their homestead immunity. For this reason, it is inappropriate to dispose of this controversy by summary judgment. *See Jebailey v. Watsky & Co.,* 676 So.2d 1036 (Fla. 5th DCA 1996) (finding that a material fact issue existed as to whether sale of homestead was made with good faith intent to reinvest proceeds in another homestead within reasonable time, based on debtors' daughter's testimony that she was searching for a new home for the debtors to purchase, thus precluding summary judgment for creditor in debtors' declaratory action brought to determine if the sale proceeds qualified for homestead exemption); *see also Barnes v. Camden Realty, Inc.,* 578 So.2d 20 (Fla. 1st DCA 1991). Therefore, this matter shall be scheduled for a final evidentiary

hearing to enable the Debtor to present competent evidence that, under *Orange Brevard Plumbing* and *Beebe*, she in fact intends to use her share of the yet to be received expected sale proceeds to purchase a new homestead in Florida and thus that she can claim those yet to be received funds as exempt.

In view of the foregoing, this matter cannot be decided as a matter of law and thus the Trustee's Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that a Final Evidentiary Hearing is hereby rescheduled before the undersigned to be heard on June 4, 1999 at 8:30am in Fort Myers, Florida.