In re KLAIBER, Kim Michael, Debtor.

No. 00–14480–9P7.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 4, 2001.

Carmen Dellutri, Ft. Myers, Florida, for Kim Michael Klaiber, debtor.

Diane L. Jensen, Ft. Myers, Florida, Chapter 7 Trustee.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION
### (Doc. # 6)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matter under consideration in this Chapter 7 case of Kim Michael Kleiber (Debtor) is an Objection to the Claim of Exemption of the Debtor. The Objection is filed by Diane L. Jensen (Trustee).

The facts relevant to the resolution of the issues as presented by the parties as they appear from the record and the evidence presented at the final evidentiary hearing can be summarized as follows. The Debtor filed his voluntary Petition for Relief on September 18, 2000. In his Petition, the Debtor stated his street address as 809 Belville Blvd., Naples, FL 34104, and his mailing address as 3009 Pt. Clear Drive, Tega Cay, SC 29708. In his Statement of Financial Affairs, Question 15, Prior address of debtor, Debtor responded with 809 Belville Blvd., Naples Florida 34104 (Naples residence), as the place where he resided from September 1992 until March 1999. This was one and a half years before he filed his Petition for Relief, indicating that was the date when he vacated the residence located in Naples.

It also appears from the Statement of Financial Affairs that the Debtor had no income during the preceding 2 years, and his businesses, Kleiber & Associates Inc. and Mobile Marine Fueling Inc., ceased operations in 1998.

On his Schedule D the Debtor listed four secured debts representing a total of $146,700.00, including two mortgages on the Naples residence. It also indicates that the residence is occupied by his wife. Schedule E lists two priority federal tax debts totaling $11,100.00, and Schedule F lists sixteen unsecured nonpriority claims totaling $71,066.61. Out of the total sixteen debts, only two indicated to have any connection with Florida: a credit card balance owed to J.C. Penny with a mailing address in Orlando, Florida, and Gulf Coast Collection Bureau with a mailing address in Sarasota, Florida.

In Schedule C, the Debtor claims as exempt the residence located in Naples, Florida under Florida Constitution Art. 10 § 4 as his homestead. Debtor also claims as exempt miscellaneous personal properties including his interest in a 401K Plan. On October 30, 2000, the Trustee filed an

Objection to the Debtor's Claim of Exemption. In her Objection, the Trustee contended that neither the Debtor nor his Wife resided in the home located in Naples on the date of the filing. Accordingly, they are not entitled to claim this property as homestead and exempt under Article X, Section 4 of the Florida Constitution. Further, that on the face of the Schedule, his personal property claimed as exempt exceeds the value of the properties and are more than allowable under the law.

On November 20, 2000, the Debtor filed his Response to the Trustee's Objection. In his Response, the Debtor conceded that he did not permanently reside in the Naples residence on the date he filed his Chapter 7 Petition; however, he alleged that he relocated to another state for economic and financial reasons, and his wife and family remained living in the Naples residence. He contended that he never intended to abandon his homestead during his absence.

The evidence presented at the trial reveals the following: On September 1, 1999, or more than one year before the Debtor filed his Chapter 7 Petition, the Debtor and his wife, Kelly M. Klaiber, executed a Right To Sell Agreement with Coldwell Banker McFadden & Sprowls (Coldwell Banker). Under the Agreement, the Debtor and his wife granted an exclusive right to sell the Naples residence for 6 months (Trustee's Exh. # 1). On August 8, 2000, the Debtor executed a Sales Contract and agreed to sell the Naples residence to Stephanie L. Cox and Nancy M. Cox (Tr.'s Exh. # 2). On September 14, 2000, Debtor executed a Warranty Deed and conveyed the Naples residence to Stephanie L. Cox and to Nancy M. Cox (Tr.'s Exh. # 3) (warranty deed). This warranty deed was executed four days prior to filing of the bankruptcy Petition. The deed was recorded on September 25, 2000, seven days after the Petition was filed.

It further appears that on his Income Tax Return for the 1999 calendar year, the Debtor indicated his address as 3009 Point Clear Drive, Tega Cay, South Carolina. (Tr.'s Exh. # 4). The Record also indicates that the Debtor had Express Checking Account No. 1010010098680 in the First Union Bank on August 29, 2000, indicating his Tega Cay, South Carolina address (Tr.'s Exh. # 5). It was also stipulated that Debtor was employed in South Carolina at the time of filing the Petition.

These are the undisputed facts based on the assertion that the Debtor abandoned his Naples residence, that he admittedly did not reside in the property on the date of filing his Chapter 7 case, and therefore, that the property does not qualify as his homestead and thus cannot be claimed as exempt under Art. X § 4 of the Florida Constitution.

■ Homestead laws are founded upon consideration of public policy, their purpose being to promote stability and welfare of state by encouraging property ownership and independence on the part of the citizen and by preserving a home where family may be sheltered and live beyond reach of economic misfortune. *In re Ehnle,* 124 B.R. 361, 362 (Bankr. M.D.Fla.1991). Under Florida law, all exceptions to homestead exemptions should be liberally construed in favor of the one claiming the exemption and strictly construed against the one who challenged the homestead claim. *Id.; In re Harrison,* 236 B.R. 784, 786 (Bankr.M.D.Fla.1999). Furthermore, a claim of homestead exemption initially carries some presumptive validity, and therefore, the burden is on the objecting party to establish with a preponderance of the evidence that the debtor is not entitled to the claimed exemption. *Id.*

■ Although Debtor's property qualifies as property which can be claimed as

homestead, the permanent abandonment of the homestead as a bona fide place of permanent abode strips the property of its homestead character. *Hillsborough Invest. Co. v. Wilcox,* 152 Fla. 889, 13 So.2d 448 (1943). Debtors seldom admit to abandonment. Whether there has been an abandonment of the property as homestead should be determined by consideration of all facts and circumstances which are relevant. *Id.* The intention of the debtor is a determining factor and the evidence should be clear that the owner of the homestead moved with no intention to return. See *Monson v. First Nat'l Bank of Bradenton,* 497 F.2d 135 (5th Cir.1974). In order to show that a homestead has been abandoned, there must be a strong showing that the debtor did not intend to return to the residence. *In re Goode,* 146 B.R. 860 (Bankr.M.D.Fla.1992).

■ A debtor that leaves his home for financial, health, or family reasons does not abandon the homestead. *In re Imprasert,* 86 B.R. 721, 723 (Bankr.M.D.Fla. 1988). Temporary absences from the homestead residence for reasons of business, health, education, and family comfort are also acceptable. See *Collins v. Collins,* 150 Fla. 374, 7 So.2d 443 (1942); *Read v. Leitner,* 80 Fla. 574, 86 So. 425 (1920). However, a debtor's homestead was held to be abandoned when a debtor moved to New Hampshire and attempted to sell his property in Fort Myers, Florida. *In re Goode,* 146 B.R. 860 (Bankr.M.D.Fla. 1992).

In *Teasdale v. Frederick (In re Frederick),* 183 B.R. 968 (Bankr.M.D.Fla.1995), the Bankruptcy Court held that Chapter 7 debtor's property did not qualify for homestead exemption since, in placing property on the market for sale or lease, debtor abandoned his intent to use and occupy property as permanent place of residence. *Teasdale v. Frederick (In re Frederick),*

*supra. But cf., In re Herr,* 197 B.R. 939 (Bankr.S.D.Fla.1996) (holding that no abandonment of property as homestead was shown merely because, after house located on property was destroyed in hurricane, debtor had quit premises, allowed property to become overgrown with weeds, and posted a "For Sale" sign); *In re Crump,* 2 B.R. 222 (Bankr.S.D.Fla.1980) (holding that where property was occupied as residence of the bankrupts on the day they filed bankruptcy, it was entitled to a homestead exemption, even though the bankrupts intended to, and did, leave that house permanently on the following day) (citing *Beensen v. Burgess,* 218 So.2d 517 (Fla. 4th DCA 1969); *In re Beebe,* 224 B.R. 817 (Bankr.N.D.Fla.1998)) (holding that debtors did not abandon homestead and lose benefits of homestead exemption simply because they had left property, with no intention of returning, in order to move into rental housing closer to debtor-husband's new job).

■ In the present instance, Debtor admitted that as of the date of filing his Petition, he no longer resided in Florida, that he was employed in South Carolina, that the property was put on the market for sale prior to filing, that the exclusive contract with the realty broker, the sales contract, and the warranty deed were all signed prior to filing the bankruptcy Petition, and that the closing took place after the Petition was filed. Furthermore, Debtor's drivers' license and bank account at First Union were in South Carolina.

To overcome these facts, Debtor offered into evidence an affidavit with the Collier Country Property Appraiser declaring his homestead and residence to be in Naples, Florida on January 1, 2000 (Debtor's Exh. # 1). This evidence was excluded over Objection and marked for identification only. Even assuming this document was admitted into evidence, it is insufficient to overcome the evidence indicating that he

intended to permanently abandon his residence in Naples. The Naples property was sold, and there is no evidence that he used the proceeds from the sale to purchase a new homestead in the state of Florida.

Regarding the Trustee's Objection to Claim of personal property exemptions, that Debtor exceeds his entitlement as to personal property under Article X, Section 4 of the Florida Constitution, Debtor stipulates to the overage in Schedule B.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that Trustee's Objection to Claim of Exemption (Doc. # 6) be, and the same is hereby, sustained. Claim of homestead exemption is disallowed and the proceeds of the sale are subject to administration of the estate. It is further

ORDERED, ADJUDGED AND DECREED that Debtor's claim of exemption as to personal property, be and the same is hereby, limited to $1,000.00.