J. E. KOHN and ATLANTIC & GULF FERTILIZER COMPANY, a Corporation, *Appellants,* vs. W. L. COATS, *Appellee.*

138 So. 760.

En Banc.

Opinion filed October 23, 1931.

*Alto Adams* and *T. B. Ellis, Jr.,* for Appellant;
*Nottingham & Denison,* for Appellee.

TERRELL, J.—Appellee W. L. Coats lost his home by fire in December 1929. The home was insured and Coats secured a judgment in due course against the insurance company for the amount due on the policy. The house was occupied by Coats and his family at the time it was destroyed and was claimed as his homestead under the laws of Florida.

In July 1930, Appellants J. E. Kohn and Atlantic and Gulf Fertilizer Company each instituted common law actions against Coats and garnisheed the insurance company against which Coats had secured a judgment on his policy. Coats brought this suit in April, 1931, to restrain Appellants from proceeding further by garnishment or otherwise against the proceeds of the insurance policy so described. A demurrer to the bill of complaint was overruled and appeal was taken from that decree.

The sole question brought here for our determination is whether or not the proceeds of a fire insurance policy covering property occupied and used as a homestead may be subject to garnishment.

This court is committed to a liberal interpretation of the homestead law. Hill vs. First National Bank of Marianna, 79 Fla. 391, 84 So. 190, text 193. There are a few holdings to the contrary but the great weight of authority in this country is to the effect, that in view of the purpose for which the homestead is provided the exemption from execution or forced sale of designated property for that purpose extends to the proceeds of a fire insurance policy due

or to be paid for its destruction. This rule applies whether the property be personalty or realty and whether or not there is a statute so providing.

The reason for the rule is that the homestead was provided for the benefit of the exemptor's family and it may be insured to protect them from loss. The insurance is intended to restore the property in case it is destroyed by fire; those contracting with the exemptor are, on knowledge of this fact, and to hold that creditors could seize the proceeds of the insurance policy would give them an advantage they never contemplated, would deprive the insured of the means provided to take the place of and restore his homestead.

This question is very thoroughly considered and both rules given with supporting authorities in Thompson-Ritchie & Company vs. C. E. Graves, 167 La. 1024, 120 So. 634, 63 A. L. R. 1283 note 1288 and 1290.

The judgment below must be and is hereby affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.