**In re Marsha L. SANDERS, Debtor.**

**Bankruptcy No. 86–691–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 6, 1987.

Gregory K. Crews, Jacksonville, Fla., Trustee.

Joel Kauffman, Atlantic Beach, Fla., for debtor.

## ORDER SUSTAINING TRUSTEE'S OBJECTIONS TO EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

On November 10, 1986, debtor filed a second amended Schedule B–4 wherein she claimed proceeds of fire insurance as exempt homestead pursuant to Chapter 222, Florida Statutes. The trustee objected to this claim of exemption stating that: (a) the destroyed property was not located within the State of Florida, and (b) the destroyed property was not debtor's homestead at the time she filed her petition under Title 11, United States Code.

Upon consideration of the pleadings, legal memorandum, and argument of counsel, the Court makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

1. From February 1983, to February 1986, debtor lived in Millington, Tennessee, and resided in a mobile home which she owned.

2. While located in Millington, Tennessee, and prior to June 23, 1986, this mobile home was destroyed by fire.

3. Debtor moved to Florida during February 1986, and has claimed the benefits of Florida law since that time.

4. On June 23, 1986, debtor filed a voluntary petition under Title 11, United States Code, in the Jacksonville Division, United States Bankruptcy Court, Middle District of Florida.

5. Debtor claims as exempt homestead the fire insurance proceeds in the amount of $1452.31.

*Conclusions of Law*

1. At the time debtor commenced her case under 11 U.S.C. § 301, an estate was created as defined by 11 U.S.C. § 541. This estate included the fire insurance proceeds due from the destroyed mobile home until claimed as exempt homestead by debtor pursuant to 11 U.S.C. § 522(b)(1) and Florida law. See F.S.A. § 222.20. (Florida residents not entitled to federal exemptions under 11 U.S.C. § 522(b).)

2. The trustee filed a timely objection to the claim of exemption. B.R. 4003. As the objecting party, the trustee has the burden of proving that the claim of exemption is improper.

3. Section 222.05 of the Florida Statutes states that:

> Any person owning and occupying any dwelling house, including a mobile home used as a residence, or modular home, on land not his own which he may lawfully possess, by lease or otherwise, and claiming such house, mobile home, or modular home as his homestead, shall be entitled to the exemption of such house, mobile home, or modular home from levy and sale as aforesaid.

11 F.S.A. § 222.05 (1977).

4. Proceeds of fire insurance due for destruction of property occupied and used as homestead qualify for exemption from levy and sale under Florida exemption law. See *Kohn et al v. Coats*, 103 Fla. 264, 138 So. 760 (1931). *Cf.* 29 Fla.Jur.2d, Homestead, § 16.

5. Even though a mobile home and the proceeds of fire insurance due for the destruction of such can be claimed as exempt homestead under Florida law, the mobile home must first qualify as homestead property at the time the bankruptcy case was commenced. See 11 U.S.C. §§ 522 and 541. See also *Matter of Cooke*, 412 So.2d 340 (Fla.1982).

6. Article 10, § 4(a)(1) of the Florida Constitution as amended in 1972 governs homestead exemptions. Implicit within that section is the requirement that the property being claimed as exempt homestead be located in the State of Florida. See F.S.A. Const. Art. 10, § 4(a)(1) (1972) and Art. 7, § 6 (1980); F.S.A. Const. 1885, Art. 10 §§ 1 and 7 (added general election 1934, as amended general election 1938). *Cf. Matter of Cooke*, 412 So.2d 340 (Fla. 1982) and *Juarrero v. McNayr*, 157 So.2d 79, 81 (Fla.1963).

7. Section 222.05 of the Florida Statutes is a legislative extension of Art. 10, § 4(a)(1) of the Florida Constitution and as such is governed by the requirements of § 4(a)(1).

Accordingly, the trustee's objection to debtor's claim of homestead exemption for the fire insurance proceeds is sustained since the claim is invalid under Florida law.

Having determined that debtor's homestead exemption claim must fail because the property was not located in the State of Florida, the Court declines to address the issue of whether the subject property was debtor's homestead at the time she filed her bankruptcy petition.