**In re Jeffrey M. BROWN, Debtor.**

**No. 93–2370–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 14, 1994.

Tom L. Copeland, Alachua, FL, for debtor.

Ronald L. Bergwerk, Jacksonville, FL, for Glickman, Witters, and Marell, P.A.

Charles W. Grant, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the objections to exemption of Glickman, Witters and Marell, P.A. and the chapter 7 trustee. The Court held a hearing on November 10, 1993, and upon the evidence presented enters these findings of fact and conclusions of law.

### Findings of Fact

Since 1981, debtor has worked as a real estate agent in West Palm Beach. For the three years prior to filing his petition, he did not receive any income from this business. Debtor's income for those years consisted of contributions from his mother.

On August 24, 1992, debtor lost his West Palm Beach home when his 40–foot houseboat sank during Hurricane Andrew. After losing the boat, debtor moved to a mobile home owned by his mother in south Florida.

Debtor testified that he moved to Lake City, Columbia County, Florida, on December 28, 1992. Around this time debtor agreed with his mother and brother to divide 600 acres of land held by debtor, his mother and brother jointly. Based on this agreement, debtor received a 160–acre parcel and a house in fee simple which he declared as exempt homestead property in his schedules.

After moving to Lake City on December 28, debtor returned to Palm Beach on December 31, 1992. On January 14, 1993, debtor filled out an application for insurance listing Lantana, Florida, as his address.

Debtor testified that after moving in December he spent some time each month in Lake City although he was unable to provide the exact dates spent in Columbia County. In addition, at his request, debtor's brother hired a workman to repair the house on debtor's property. The repairs included replacing rotten wood and broken windows. On two occasions debtor's former wife spoke with debtor by telephone at the home of debtor's brother.

On March 11, 1993, debtor recorded a deed to the Lake City property. On the same day, debtor recorded an affidavit of domicile for Lake City and changed his voter registration and driver's license to reflect his Lake City address.

Debtor does not have a television set or telephone at his home in Lake City and does not know which family member's furniture is in the house. Debtor listed a television and stereo in his schedules as well as listing the furniture on loan from family members. Debtor continues to have telephone service in Palm Beach.

In April, felony charges were filed against debtor and, on the advice of counsel, debtor spent little time away from Palm Beach. However, debtor testified that he returned to Lake City monthly.

In July, debtor's former wife filed suit to terminate his parental rights. Debtor is representing himself in this suit. These charges necessitate debtor's spending time in south Florida.

Debtor filed his chapter 7 petition on May 21, 1993. The trustee and the law firm of Glickman, Witters and Marell, P.A. ("objectors") object to debtor's claim of exemption for the Lake City property alleging that it is not debtor's true homestead.

### Conclusions of Law

All property of the debtor becomes property of the estate upon filing a petition in bankruptcy. 11 U.S.C. § 541. Section 522 of the code allows a debtor to exempt certain property from the estate. 11 U.S.C. § 522. Section § 522(b) allows states to opt out of the federal exemption scheme provided in § 522(d).

Florida has opted out, thus the exemptions available to debtor are proscribed by state law. The Constitution of the State of Florida provides that qualified homestead property is

exempt from creditor's claims. Article X § 4(a) states:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
>
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, ...

F.S.A. Art. 10 § 4(a).

The question the Court must now answer is whether the property is homestead and thus is exempt from the estate and the claims of creditors.

■■■ Homestead status is established by the actual intention to live permanently in a place coupled with actual use and occupancy. *Hillsborough Inv. Co. v. Wilcox,* 13 So.2d 448 (Fla.1943); *In re McCarthy,* 13 B.R. 389 (Bankr.M.D.Fla.1981). The homestead exemption should be liberally construed to effectuate its remedial purpose, but at the same time, the Court must take care to prevent it from becoming an instrument of fraud. *Hillsborough Inv. Co. v. Wilcox; Croker v. Croker,* 51 F.2d 11 (5th Cir.1931). The burden is on the objecting party to show that the party claiming the exemption is not entitled to it. *In re Sanders,* 72 B.R. 124 (Bankr.M.D.Fla.1987).

### Intent

The objectors argue that debtor has failed to establish dominion over the Lake City property and that this is evidence of his intention to receive the exemption for unencumbered property and does not evidence an intent to establish permanent residence in Lake City.

■■ In support of this contention, debtor's former wife testified that debtor brought only a small suitcase to Lake City when he moved in December and did not inform the state court judge during a child custody hearing on December 18, 1992, that debtor intended to move. Debtor's former wife also testified that debtor informed her, in March, 1993, that he was contemplating filing for chapter 7 protection and moving.

These facts are not inconsistent with debtor's moving to Lake City. Debtor lost his home and most of his personal possessions when his houseboat sank. Having few belongings is consistent with losing a home and forming the intention to move into a furnished house.

Debtor testified that he decided to and did move to Lake City on the twenty-eighth of December. Because debtor had not decided to move at the time of the child custody hearing, he could not inform the court that he intended to move. In March, debtor recorded the deed for the property, changed the address on his driver's license and changed his voter registration.

The evidence presented is not inconsistent with debtor's intention to live permanently in Lake City, and the Court holds that the objectors have failed to sustain their burden of showing that debtor did not intend to move to Lake City.

### Occupancy

The objectors argue that debtor has not occupied the Lake City property because debtor has spent most of his time in south Florida, answered the telephone at his brother's residence on two occasions, does not have a television set, telephone or mailbox on his property and has not conducted an employment search in Lake City.

■■ Establishing homestead status requires actual use and occupancy of the property. *In re McCarthy,* 13 B.R. 389 (Bankr. M.D.Fla.1981); *Edward Leasing Corp. v. Uhling,* 652 F.Supp. 1409 (S.D.Fla.1987). However, continuous uninterrupted presence is not required. *M.O. Logue Sod Service, Inc. v. Logue,* 422 So.2d 71 (Fla. 2d DCA 1982). Preparation of the property for immediate occupancy may be sufficient to establish actual use and occupancy for homestead purposes. *Semple v. Semple,* 82 Fla. 138, 89 So. 638 (Fla.1921). The Supreme

Court of Florida has held that where the owner of property manifests the intention to occupy the property as a home by specific acts and does not otherwise act inconsistently with that intent homestead character is established. *Id.; See also, Smith v. Hamilton,* 428 So.2d 382 (Fla. 4th DCA 1983).

■  Debtor relies upon cases that address the standard for determining whether the homestead has been abandoned not whether the homestead exists. Involuntary absence is not sufficient to support a finding of abandonment. *Dean v. Heimbach,* 409 So.2d 157 (Fla. 1st DCA 1982). The Court does not decide whether the standard for establishing abandonment is the same as for establishing homestead in the first instance but holds that the involuntary nature of the absence is an important factor to consider in both situations.

■  Debtor testified that once the litigation with his former wife is resolved he intends to and will live permanently in Lake City. Debtor spent some time each month in Lake City even though he was defending against both criminal and civil suits in south Florida. In addition to spending time each month at the house, debtor had his brother hire a workman to repair the building.

It is clear that debtor spent the bulk of his time in south Florida. Debtor also spent some time each month in Lake City. Given the involuntary nature of debtor's absence and the scant evidence, which is not inconsistent with the intention to live in Lake City, the Court finds that debtor has sufficiently occupied the Lake City property to establish homestead status.

### Conclusion

The Court finds that the objecting parties have failed to show that debtor is not entitled to claim the homestead exemption for his Lake City property. Debtor has the intention to permanently reside at the Lake City property and has sufficiently occupied the property to support his intention. A separate order consistent with these findings of fact and conclusions of law will be entered.

## ORDER OVERRULING OBJECTIONS TO EXEMPTION

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED

The objections to homestead exemption of Glickman, Witters, and Marell, P.A. and the Chapter 7 Trustee are overruled.