**In re Thomas L. DeFELICE, Debtor.**

**Bankruptcy No. 93–32202–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 24, 1994.

Bart Alan Houston, Ft. Lauderdale, FL, for debtor.

Reggie David Sanger, Ft. Lauderdale, FL, for trustee.

### ORDER SUSTAINING CREDITORS' OBJECTION TO EXEMPTIONS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court for hearing March 21, 1994, on Creditors', Mary Kottis, Paul Burke, Harry Casey and William McManus (collectively the "Creditors"), Objection to Exemptions. The Creditors assert that the Debtor, Thomas DeFelice (the "Debtor") has not been domiciled in the State of Florida for the 180 days immediately preceding the date of the filing of the Chapter 7 petition. Having considered the motion, the argument of counsel, the testimony, the candor and demeanor of the witnesses, and for the reasons set forth below, the Court sustains the Creditors' objection.

On June 30, 1993, the Debtor filed for protection under Chapter 7 of the Bankruptcy Code. On his schedules, the Debtor claimed his condominium unit in Boca Raton as exempt. The Creditors contend that the Debtor is not entitled to the exemptions permitted under Florida law because the Debtor was not domiciled in Florida for the 180 days immediately preceding the date of the filing of the Chapter 7, or for the longer portion of the 180 day period than any other place.

To be entitled to the exemptions provided under Florida law, a person must be domiciled in Florida for the greater part of 180 days immediately preceding the date of the filing of the petition. *In re Dixson*, 153 B.R. 594 (Bankr.M.D.Fla.1993). A person is domiciled in Florida if "he has voluntarily fixed his abode, not for a mere special or temporary purpose, but with a present intention of making it his permanent home."

*Minick v. Minick*, 111 Fla. 469, 149 So. 483, 487 (1933) (quoting 19 Corpus Juris 392). The Florida Supreme Court in *Minick* also quotes to Corpus Juris to distinguish the difference between "domicile" and "residence":

[Domicile] is of more extensive signification and includes, beyond mere physical presence at the particular locality, positive or presumptive proof of an intention to constitute it a permanent abiding place. "Residence" is of a more temporary character than "domicile." "Residence" simply indicates the place of abode, whether permanent or temporary; "domicile" denotes a fixed, permanent residence, to which, when absent, one has the intention of returning.

*Id.*, 149 So. at 488. A change in domicile is effective where there is a physical presence at the new location and an intention to remain there indefinitely, or the absence of any intention to go elsewhere. *In re Ring*, 144 B.R. 446, 450 (Bankr.E.D.Mo.1992).

Although the Debtor claims his permanent residence to be in Boca Raton, he continues to work much of the year in Rhode Island as a real estate broker. The Debtor claims to have lived in Florida for the past seven years. On his tax returns dating back to 1988, he has listed his Boca Raton condominium as his address. In addition, he has been registered to vote in Palm Beach County, Florida, since 1988 and he applied for and received Florida's homestead exemption (for tax purposes) in 1990 for his Boca Raton condominium. During June 2, 1993, hearing held in Rhode Island Superior Court relating to his divorce, the Debtor testified that his legal residence was in Boca Raton. However, during that same hearing, the Debtor testified that he goes from Rhode Island to Florida every three months and remains in Florida for one to two weeks. The Debtor also testified that during the 12 months preceding the hearing, he had been in Rhode Island more than he had been in Florida. Further, during an October 28, 1991, state court hearing, the Debtor testified that he had been a resident of the State of Rhode Island prior to the time that action was filed. These prior sworn statements make it clear

that the Debtor intended to reside in Florida. However, whether the Debtor is a resident of Florida is not the issue. Rather, the issue is whether the Debtor is domiciled in Florida.

Judge Proctor, in *In re Brown,* 165 B.R. 512 (Bankr.M.D.Fla.1994), considered a situation similar to the instant case. In *Brown,* the debtor moved from Palm Beach County to Lake City after Hurricane Andrew caused his houseboat to sink. On March 11, 1993, the debtor recorded an affidavit of domicile in Lake City and changed his voter registration and driver's license to reflect his Lake City address. In April, felony charges were brought against the debtor, and he spent little time away from Palm Beach. The debtor filed his bankruptcy petition on May 21, 1993, and claimed his Lake City residence as exempt. The Chapter 7 trustee and a creditor objected to his claim of exemption and asserted that the Lake City property was not his true residence. The court stated that:

> Establishing homestead status requires actual use and occupancy of the property. However, continuous uninterrupted presence is not required. Preparation of the property for immediate occupancy may be sufficient to establish actual use and occupancy for homestead purposes. The Supreme Court of Florida has held that where the owner of property manifests an intention to occupy the property as a home by specific acts and does not otherwise act inconsistently with that intent homestead character is established.

*Brown,* 165 B.R. at 514–15 (citations omitted). The court found that the debtor had the intention to permanently reside in Lake City and sufficiently occupied the property to support his intention. Thus, the debtor was entitled to the exemption.

In this case, the Debtor has undertaken several overt acts manifesting an intention to be domiciled in Florida. The Debtor states on his tax returns that he lives in Florida, he is registered to vote in Florida, and he takes advantage of Florida's homestead exemption for real estate tax purposes. However, there is one significant action which the Debtor has not taken—he has not moved to Florida with the intent to be domiciled in Florida. Rather than going to Rhode Island with the inten-

tion of returning to Florida, it appears that the Debtor comes to Florida with the intention of returning to Rhode Island. The Debtor spends very little time in Florida. He testified in another proceeding that when he comes to Florida he does so for investment purposes. The Court interprets these statements as being inconsistent with the Debtor's contention that he has always had the intention to make Florida his domicile. Therefore, the Debtor is not domiciled in Florida and is not entitled to the exemptions permitted under Florida law. Accordingly, it is

ORDERED that the Creditors' objection to the Debtor's exemptions is sustained.