In re Harold Dean FREDERICK, Debtor.

Donald E. TEASDALE, Plaintiff,

v.

Harold Dean FREDERICK, Defendant.

Bankruptcy No. 93–4240–3P7.

Adv. No. 93–447.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 15, 1995.

Order Sustaining Objection to Exemption Claim May 18, 1995.

Richard A. Colegrove, Sanford, FL, for defendant.

Mike Jorgensen, Jacksonville, FL, for plaintiff.

Charles W. Grant, Trustee, Jacksonville, FL.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon a complaint to determine the validity, priority, or extent of a lien pursuant to F.R.B.P. 7001(2). Upon the evidence presented at trial on January 12, 1995, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Defendant is a commercial international airline pilot frequently required to establish temporary residences in foreign countries.

970

2. On August 23, 1983, defendant purchased property at 829 Pelican Bay, Daytona Beach, Florida. From 1983 until 1987, defendant's son and a family friend occupied the property. During this time, defendant paid the mortgage, the taxes, and the maintenance expenses related to the property and resided in the home when relieved from work-related travel.

3. In 1987, defendant listed the property for sale. After unsuccessful attempts to sell the property, defendant entered into three varying term lease agreements. Defendant last leased the property from 1987 until September 1993. When the lessees under the third lease defaulted under the terms of the lease agreement, defendant again took possession of the property.

4. While the property was under lease, defendant treated the property as rental property for tax purposes and did not claim the Florida homestead tax exemption.

5. In the early 1990s, plaintiff loaned $10,000 to Aircraft Charter and Leasing Center, Inc., with defendant as guarantor. Upon the corporate default, plaintiff secured a judgment against defendant in the County Court of Seminole County, Florida, on April 20, 1993, for $11,701.06 with interest at 12% annum.

6. On July 28, 1993, the Sheriff of Volusia County, Florida, noticed the defendant's property to be sold at Sheriff's sale on September 28, 1993.

7. Defendant filed for relief pursuant to Chapter 7 of the Bankruptcy Code on September 18, 1993.

8. Pursuant to Article X, Section 4 of the Florida State Constitution, defendant claimed the property as homestead, which would exempt it from the bankruptcy estate.

9. On December 21, 1993, plaintiff filed this adversary proceeding to determine the validity, priority, or extent of his lien against defendant's property, alleging that defendant abandoned the homestead property and that plaintiff's lien attached to non-exempt property prior to the bankruptcy petition filing.

*CONCLUSIONS OF LAW*

■ Upon the filing of a bankruptcy petition, all property of the debtor becomes property of the estate. 11 U.S.C. § 541. However, pursuant to 11 U.S.C. § 522, a debtor may exempt certain property from the estate. The bankruptcy code allows states to opt out of the federal exemption scheme and substitute state law to govern the debtor's exemptions. 11 U.S.C. § 522(d). Florida has opted out of the federal scheme and the debtor's exemptions are controlled by state law.

The Constitution of the State of Florida protects homestead property from creditor's claims. Article X § 4(A) states:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:

(1) a homestead ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family....

F.S.A. Art. 10 § 4(A).

■ To determine the validity, priority, or extent of plaintiff's lien, the Court must first determine whether defendant's property is a homestead and therefore exempt from claims against the bankruptcy estate. For purposes of protecting debtor's property from creditors, the Court must liberally construe the homestead exemption. *In re Brown,* 165 B.R. 512 (Bankr.M.D.Fla.1994). The Court, however, must prevent the exemption "from becoming an instrument of fraud." *Id.* at 514. The objecting party has the burden of showing that the debtor claiming the exemption is not entitled to it. *In re Sanders,* 72 B.R. 124 (Bankr.M.D.Fla.1987).

**A. ESTABLISHMENT OF A HOMESTEAD**

■ This Court has held that "[h]omestead status is established by the actual in-

tention to live permanently in a place coupled with actual use and occupancy." *In re Brown,* 165 B.R. 512, 514 (Bankr.M.D.Fla. 1994). The Supreme Court of Florida has held that intent to establish a homestead is evidenced by a debtor's specific acts toward creating a permanent abode which are not contradicted by subsequent behavior of the debtor. *Semple v. Semple,* 82 Fla. 138, 89 So. 638 (Fla.1921). In determining what constitutes actual use and occupancy of property for homestead purposes, this Court recognizes that "[p]reparation of the property for immediate occupancy may be sufficient." *In re Brown,* 165 B.R. 512, 514 (Bankr.M.D.Fla. 1994) citing *Semple v. Semple,* 82 Fla. 138, 89 So. 638 (Fla.1921).

In this case, defendant purchased property and prepared it for immediate occupancy by his son and a friend. Although defendant did not physically occupy the property on a continued basis, he financed the property, took responsibility for the tax obligations relating to the property, and paid for the general maintenance of the property. Defendant was frequently absent from the property due to work-related travel. However, defendant did "reside" at the property when in Florida. Combined, defendant's acts manifest an intent to establish a homestead which was actually used and occupied by defendant, his son, and a friend. The Court finds that defendant established the Daytona Beach property as a homestead.

### B. ABANDONMENT OF A HOMESTEAD

██ Ordinarily, property established as a homestead is exempt from creditor's claims against the bankruptcy estate. In this case, however, plaintiff alleges that defendant abandoned the homestead and forfeited the protection of the exemption. This Court has held that "[o]nce property is imbued with homestead status, it remains homestead until it is abandoned." *In re Mackey,* 158 B.R. 509, 513 (Bankr.M.D.Fla.1993). If, however, a family home is abandoned, "it loses its exempt status." *In re Brink,* 162 B.R. 355, 358 (Bankr.M.D.Fla.1993).

██ A homestead has been abandoned when it is no longer a "bona fide home and place of permanent abode." *In re McCarthy,* 13 B.R. 389, 390 (Bankr.M.D.Fla.1981). This Court agrees with others which have held that leasing homestead property constitutes abandonment of that property. *In re Shillinglaw,* 81 B.R. 138 (Bankr.S.D.Fla.1987).

In this case, defendant maintained the property as homestead until he and his family vacated the home and put it on the market. The Court finds that in placing the property on the market for sale or lease, defendant abandoned his intent to use and occupy the property as a permanent place of residence, and the property no longer qualifies for the homestead exemption.

### ATTACHMENT OF PLAINTIFF'S LIEN

██ Having decided that defendant established a homestead but subsequently abandoned it, the Court must now determine the validity, priority, or extent of plaintiff's lien as it relates to the property. The United States Court of Appeals for the Eleventh Circuit has held that "Florida law allows ... attachment of a judgment lien where the lien came into existence prior to the property attaining homestead exemption status." *In re Owen,* 961 F.2d 170, 172 (11th Cir.1992), *cert. denied,* ── U.S. ──, 113 S.Ct. 659, 121 L.Ed.2d 584 (1992). This Court construes that holding to imply that liens attaching to non-exempt property survive in the bankruptcy court as valid liens against the bankruptcy estate.

Defendant established the property as a homestead in 1983, and maintained it as a homestead until 1987, when he placed the property on the market. Upon abandoning the property, defendant lost the homestead exemption designed to protect the property from claims against the bankruptcy estate.

Plaintiff secured a money judgment against defendant on April 20, 1993. In April 1993, the property was under lease and remained so until September 1993. Thus, plaintiff's lien attached to the property after it had been abandoned by the defendant. The Court finds that the plaintiff's lien was validly attached to non-exempt property prior to the bankruptcy filing and should not be avoided.

## CONCLUSION

Defendant intended to establish a homestead and did so by actually using and occupying the property. In placing the property on the market, however, defendant acted inconsistently with his intent to establish the homestead and abandoned the property. Once abandoned, the property no longer qualified for the homestead exemption. Plaintiff's lien attached to the property after the abandonment.

Thus, plaintiff's lien attached to non-exempt property before the bankruptcy petition was filed and should not be avoided. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### *JUDGMENT*

This proceeding is before the Court upon a complaint to determine the validity, priority, or extent of a lien pursuant to F.R.B.P. 7001(2). Upon the evidence presented, it is

ORDERED:

1. Judgment is entered in favor of the plaintiff, Donald E. Teasdale, and against the Defendant, Harold Dean Frederick.

2. The judgment lien awarded to plaintiff by the Seminole County Court, Sanford, Florida, is a valid lien against the bankruptcy estate and shall not be avoided.

### *ORDER SUSTAINING OBJECTION OF DONALD E. TEASDALE TO CLAIM OF EXEMPTION*

By agreement of the parties, the Court tried together the issues of Adversary Proceeding 93–447 and Donald E. Teasdale's objection to exemption. Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED

1. Objection to debtor's claim of exemption of Pelican Bay property filed by Donald E. Teasdale is sustained.

2. The claim of homestead exemption by the debtor for this property is disallowed.

3. The property is subject to administration for benefit of the creditors of the estate.