SHEVIN, Judge.
Plaintiffs appeal a final summary judgment determining that defendant’s property is entitled to homestead exemption. We affirm.
Plaintiffs assert that the trial court erred in excluding the deposition of defendant’s predecessor in title from evidence when it ruled on the summary judgment motion. Assuming, arguendo, that the trial court should have considered the deposition in determining the entitlement to homestead status, the error is harmless. Although the “general rule [provides] that homestead protection should not extend to [severable] income producing portions of the debtor’s property,” First Leasing & Funding of Fla., Inc. v. Fiedler, 591 So.2d 1152, 1153 (Fla. 2d DCA 1992), that rule is clearly not dispositive of this case. In the 1989 deposition, the predecessor in title testified that he had used the separate structure at the rear of the property as a corporate office for Deep Sea Fisheries, Inc. However, that testimony fails *37 to establish the non-homestead status of the separate structure. Notwithstanding the use of the structure set forth in the 1989 deposition, this evidence does not prove the use of the structure in 1991 when plaintiffs obtained the judgments sued upon. The record indicates that the corporation was not income producing after 1990. Furthermore, the record demonstrates that the corporation was inactive at that time: Deep Sea Fisheries, Inc., was administratively dissolved on Nov. 9, 1990.[1] As the record does not demonstrate that the separate structure was used as a business office when plaintiffs obtained the judgments, the trial court properly ruled that the defendant was entitled to homestead exemption status. See Edward Leasing Corp. v. Uhlig, 652 F.Supp. 1409 (S.D.Fla.1987). Accordingly, we affirm the summary judgment.
Affirmed^

. Although the corporate documents list the property address as the corporate offices of Blue Water Fisheries, Inc., and T-Jett Enterprises, Inc., the deposition does not address the use of the separate structure for those corporate offices. Cf. First Leasing & Funding of Fla., Inc., 591 So.2d at 1152 (rental units with separate mailing addresses not entitled to homestead exemption).