**In re Phyllis A. HARRISON, Debtor.**

**Bankruptcy No. 98–14256–9P7.**

United States Bankruptcy Court,
N.D. Florida,
Tampa Division.

July 22, 1999.

Louis S. Erickson, Naples, FL, for Debtors.

Thomas S. Heidkamp, of Leasure, Gargano, Marchewka & Heidkamp, Ft. Myers, FL, for Chapter 7 Trustee.

Sara Kistler, Tampa, FL, Assistant United States Trustee.

## ORDER ON OBJECTION TO EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

When Phyllis A. Harrison (Debtor) filed her voluntary Petition for Relief under Chapter 7, she claimed as exempt a residential home located on Marco Island, Florida as exempt under FLA. CONST. art. X, § 4. Thomas S. Heidkamp (Trustee) objected to the claim of exemption, contending that the Debtor is not entitled to claim the property as her homestead because she did not reside on the property on the date she filed her Petition. A final evidentiary hearing was held regarding the Debtor's intention to use her share of the proceeds from the future sale of the former marital home to purchase a new homestead in Florida, thus enabling her to claim the proceeds as exempt. *See Orange Brevard Plumbing v. La Croix*, 137 So.2d 201 (Fla.1962). Upon hearing argument of counsel and considering the record, this Court now finds and concludes as follows:

The Debtor and Christopher Lewis Hoef (Former Spouse) were married in 1982. There are two children from the marriage. They established their homestead at 1962 Sheffield Avenue, Marco Island, Florida, which remained their marital residence until the Debtor filed her Petition for Dissolution of Marriage in the Circuit Court in and for Collier County, Florida in 1997.

The Circuit Court entered a Final Judgment of Dissolution of Marriage which adopted and incorporated by reference a Marriage and Property Settlement Agreement (Trustee's Exh. No. 3) entered into by the Debtor and her Former Spouse. This Agreement acknowledged that the marital home was on the market and that they would agree upon the sale price. The Agreement further provided that at the closing the Debtor would be entitled to receive the first $7,000 from the net proceeds from the sale. This initial payment to the Debtor was a consideration for the Debtor's waiver of any rights to the husband's 401K savings.

After the divorce, the Debtor continued to occupy the former marital home until July, 1998, when she rented a home in Naples wherein she currently resides with the other child from the marriage. The Debtor's ex-spouse resides in the former marital home with their eldest son. The Debtor contends that she was forced to find another residence because the eldest son's drug-related activities created a harmful environment for herself and the younger child.

The Trustee asserts that although the property on Marco Island was the Debtor's homestead during the marriage, she effectively abandoned her homestead when she moved out. The Trustee further asserts that since the Debtor did not reside in the former marital home on the date she filed her Petition, the Debtor cannot claim the homestead exemption and the property is subject to administration by the Trustee to the extent of the Debtor's interest in it. In opposition, the Debtor contends that she is entitled to claim the homestead exemption as a matter of law because her minor son still resides on the property with her former spouse.

The homestead exemption established by FLA. CONST., art. X, § 4, was designed to protect and preserve the fami-

ly home. *See Quigley v. Kennedy & Ely Insurance, Inc.*, 207 So.2d 431, 432 (Fla. 1968), *cert. denied*, 210 So.2d 869 (Fla. 1968); *Matter of Hersch*, 23 B.R. 42, 45 (Bankr.M.D.Fla.1982); *In re McCarthy*, 13 B.R. 389, 390 (Bankr.M.D.Fla.1981). Consistent with the foregoing, any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption. *See In re Imprasert*, 86 B.R. 721, 722 (Bankr. M.D.Fla.1988); *see also Hersch*, 23 B.R. at 45. It is equally clear, however, that the property may lose its homestead character if the claimant effectively abandons the property as her homestead. *See In re Frederick*, 183 B.R. 968, 970–971 (Bankr. M.D.Fla.1995); *In re Goode*, 146 B.R. 860, 861–862 (Bankr.M.D.Fla.1992); *McCarthy*, 13 B.R. at 390. Abandonment, however, may only be proven by a strong showing that the Debtor never intended to return to the residence, and mere absence due to health, financial, or family reasons, does not constitute abandonment. *See Monson v. First Nat., Bank of Bradenton*, 497 F.2d 135, 138 (5th Cir.1974).

■ The facts of the instant case facially carry the hallmarks of abandonment in that the Debtor moved out of the home, did not re-establish residence, and did not reside at the former marital home on the date she filed her Petition. However, there are two critical differences. First, the Debtor remains the co-owner of the property; second, the Debtor's former husband and minor son still reside in the home.

■ A similar fact pattern was presented in *Nationwide Financial Corp. of Colorado v. Thompson*, 400 So.2d 559 (Fla. 1st DCA 1981). In *Nationwide*, after separating, the husband moved out while the wife and the couple's three children remained in the marital home, of which she was joint owner. Nationwide obtained a judgment against the husband and attempted to levy on the husband's one-half interest in the home. The husband claimed his one-half

interest as exempt under the homestead exemption provided for by Fla. Const. art X, § 4. The court rejected Nationwide's contention that the property was abandoned, relying on *Vandiver v. Vincent*, 139 So.2d 704 (Fla. 2d DCA 1962), where the court found that the Constitution does not require the owner claiming a homestead exemption to reside on the property; it will suffice that the owner's family resides thereon. Furthermore, in order to support the claim of abandonment, it must be shown that both the owner as well as the owner's family abandoned the property. In *In re Estate of Melisi*, 440 So.2d 584, 585 (Fla. 4th DCA 1983), the court noted that although a homeowner may, in the case of divorce, be precluded from residing on the homestead with the family of which the owner may be the head, the homestead character of the property is not thereby abandoned.

A case markedly similar to the one before this Court is *In re Luttge*, 204 B.R. 259 (Bankr.S.D.Fla.1997). In *Luttge*, the debtor vacated the former marital property pursuant to a court order granting his former spouse the exclusive right to occupy the property until it could be sold. *Id.* at 260. When the debtor filed his voluntary petition for relief claiming the property as exempt homestead, the trustee objected and contended that the debtor had abandoned the property. *Id.* The *Luttge* court overruled this objection and noted that the debtor would have violated a court order had he remained on the property. The *Luttge* court found that the debtor's absence from the property did not constitute abandonment. *Id. See also Cain v. Cain*, 549 So.2d 1161 (Fla. 4th DCA 1989) (to show abandonment of the homestead, both the owners and the owners' family must have abandoned the property).

In the present case, it is without dispute that the Debtor is still the co-owner of the Marco Island property and that she resided in that home after the divorce. It is also undisputed that the Debtor's reason for leaving the property was her eldest

son's drug-related activities and the dangerous environment created thereby. The Debtor's minor son continues to reside in the home. The speculative nature of the evidence regarding the Debtor's intent to sell the property in question and then use the proceeds to purchase a homestead in Florida does not validate the Trustee's claim of abandonment as that term has been construed by Florida courts. Therefore, this Court finds that the Debtor is entitled to claim her interest in the property as her homestead.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Trustee's Objection to Debtor's Claim of Exemption be and the same is hereby overruled. The residence located at 1962 Sheffield Avenue, Marco Island, Florida, is exempt pursuant to FLA. CONST. art. X, § 4, and is not subject to administration.