**In re Nicholas M. KALYNYCH, Debtor.**

No. 02–05056–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 17, 2002.

Edward P. Jackson, Jacksonville, FL, for Debtor.

Gregory K. Crews, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Trustee's objection to the Debtor's claim of exemption regarding Debtor's former marital home. The Court conducted a hearing on September 4, 2002. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. Debtor was divorced by Final Judgment on October 24, 2000.

2. Debtor's former wife was awarded the exclusive title, use and possession of Debtor's former home, which has homestead status.

3. The judgment required Debtor's former wife to pay Debtor $15,000 upon refinancing the home mortgage, within 4 years of the judgment, or sooner if mortgage rates reached 7% or less. Debtor's former wife has not yet paid Debtor the $15,000.

4. Debtor's former wife continues to live in the home with Debtor's two minor children, for whom the Debtor is paying child support.

5. Debtor does not own the home where he currently lives, but testified he intends to buy a one half interest in his fiancée's home.

### Conclusions of Law

The proceeds from the voluntary sale of a homestead are exempt from the claims of creditors if the debtor has a good faith intention to reinvest the proceeds in another homestead within a reasonable time. The issue before the Court is whether the $15,000 that Debtor is entitled to receive

under his dissolution judgment is exempt as proceeds from the sale of homestead property, and if so whether Debtor has a good faith intention to reinvest said proceeds in a reasonable amount of time.

The Trustee argues that the $15,000 owed to Debtor is not proceeds from the sale of his homestead because Debtor holds no ownership interest in the property and does not reside there. The Debtor asserts that the $15,000 is entitled to a homestead exemption because his dependent minor children live in the house.

■■■ Under Florida law a resident is entitled to a homestead exemption unless it is shown that both the owner and the owner's family abandoned the property. *In re Harrison*, 236 B.R. 788 (Bankr. M.D.Fla.1999). In *Harrison*, the court held the debtor was entitled to claim her interest in her former marital home. *Id.* at 791. The court reached its holding despite the fact the debtor had moved out of the home, did not live at the home on the date the petition was filed and did not re-establish residence there. *Id.* at 790. The court reasoned the debtor had not abandoned the homestead because: (1) debtor still remained the co-owner of the property and, (2) debtor's son and former husband still resided in the home. *Id.* at 790–91. In the instant case, Debtor does not retain an ownership interest in the home. However, this Court finds that because Debtor's children reside in the home, the proceeds qualify as homestead property.

Trustee next argues that, even if the Court considers the 15,000 to be proceeds from the sale of homestead property, Debtor is not entitled to a homestead exemption because he has not shown a good faith intention to reinvest in a substitute homestead. Specifically, the Trustee alleges that Debtor has not invested in a substitute homestead in a reasonable time

because two years have passed since Debtor's divorce.

■■■ To receive an exemption, a debtor must show a good faith intention, both prior to and at the time of the sale, to reinvest the proceeds in another homestead. *In re Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So.2d 201, 207 (Fla.1962). The proceeds: (1) must be reinvested within a reasonable time, (2) cannot be co-mingled with the debtor's other money and (3) must be held for the sole purpose of acquiring another homestead. *Id.* at 206.

■■■ The parties only dispute whether two years is a reasonable time within which to reinvest the proceeds in another homestead. This Court notes that the question of whether funds received from the sale of a homestead are invested in another homestead within a reasonable time is determined by the facts and circumstances of each case. *Id.* at 207.

■■■ This Court finds that, given the facts of this case, Debtor has sufficiently demonstrated his intention to substitute his homestead with the proceeds in question and that two years qualifies as a reasonable time to do so.

### Conclusion

This Court finds that based upon the holdings in *Harrison* and *Orange Brevard* the $15,000 is exempt as proceeds from the sale of the homestead. The Court will enter a separate Order Denying Trustee's Objection to Debtor's Exemption.