**In re Anthony J. BALLATO, Debtor.**

No. 03–01382–8W7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 23, 2004.

Jay B. Verona, St. Petersburg, FL, for Debtor.

Traci K. Strickland, Madeira Beach, FL, trustee.

### MEMORANDUM DECISION AND ORDER GRANTING DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PETER PAUL MITRANO'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

MICHAEL G. WILLIAMSON,
Bankruptcy Judge.

In order to qualify for the Florida homestead exemption, there is no requirement that the homestead property owned by the debtor and the spouse be held as tenants by the entirety. Likewise, the exemption is not defeated simply because of the presence of renters where the homestead is otherwise used as a single-family residence occupied by the debtor. Finally, the debtor will not be considered to have abandoned the homestead because of the entry pre-petition of a divorce decree requiring—over the debtor's objection—that the property be sold and the proceeds partitioned between the debtor and his spouse. In this case, the claim of homestead exemption made by the debtor, Anthony J.

Ballato ("Ballato" or "Debtor"), as to the proceeds from the sale of his homestead will be allowed and the objection to the exemption filed by a creditor, Peter Paul Mitrano ("Mitrano"), on these grounds will be overruled.

### Undisputed Facts

The voluntary chapter 13 petition in this case was filed on January 23, 2003 ("the Petition Date"). The case was subsequently converted to chapter 7. As of the Petition Date and for many years previous thereto, Ballato had continuously owned, resided, used, and occupied the real property and improvements located at 7843 Tenth Avenue South, St. Petersburg, Florida 33707 ("the Property") that he listed in his schedules as exempt, with the intent to permanently continue to live at such residence.[1]

As of the Petition date, Ballato was a party to a dissolution of marriage proceeding pending in the Circuit Court of Pinellas County, Florida ("State Court"), styled "In re the Marriage of Robin Pinnix–Ballato, Petitioner, and Anthony James Ballato, Respondent," Case No. 99–011249–FD–12 ("the Divorce Case"). On August 13, 2001, the State Court entered a final judgment of dissolution of marriage ("the Divorce Decree").[2] At the time of the filing of the Divorce Case, Ballato owned the Property with his then spouse as tenants by the entirety. By operation of law, upon entry of the Divorce Decree dissolving the marriage, his ownership interest became one of a tenant in common.

In addition to dissolving the parties' marriage, the Divorce Decree provided, among other things, that: (a) the Property was determined to be a marital asset, (b) his former spouse's motion for partition of the Property was granted, and (c) the Property be sold, with the net proceeds to be divided between the parties equally.[3] Throughout all of the proceedings in the State Court and in this Court, the Debtor has resisted the efforts of his former spouse to conclude the sale of the Property pursuant to the Divorce Decree. Any efforts to sell the Property as of the Petition Date were being exerted solely and exclusively pursuant to the Divorce Decree, and not voluntarily by Ballato.[4] In fact, the Court notes that Ballato has appeared numerous times *pro se* to contest the sale of his homestead notwithstanding the state court order requiring such sale.[5]

### Issues for Consideration

Peter Paul Mitrano's ("Mitrano") Objections to Debtor's Claim of Homestead Exemption (Doc. No. 42 and 121) (collectively, Objections") raises three grounds for objecting to the Debtor's claim of homestead exemption:

First, Mitrano contends that the entry of the Divorce Decree, which converted Ballato's ownership interest in the homestead property from tenancy by the entirety to tenancy in common, operated to elim-

---

1. Mitrano's Objection does not allege that Ballato's claim of homestead exemption should fail for lack of actual occupancy of the Property. See also the Affidavit of Joseph W. Goodson attached as Exhibit "B" to the Motion for Partial Summary Judgment (Doc. No. 75) ("Motion").

2. See Exhibit "A" to the Motion.

3. *See* decretal sections 2 & 3 of the Divorce Decree.

4. *See* Affidavit of Russell Cheatham attached as Exhibit "C" to the Motion.

5. *See, e.g.,* Response to Phinnix's Motion for Relief from Stay (Doc. Nos. 12 and 15) and his failed attempt to pay Phinnix's claim through his chapter 13 plan instead of allowing the sale of homestead (Doc. No. 10).

inate or invalidate Ballato's right to claim his portion of the proceeds from the sale of the Property as exempt under the Florida homestead exemption.

Next, he argues that the alleged presence of persons unrelated to Ballato residing at the Property, prior to the Petition date, eliminated or invalidated Ballato's claim of homestead exemption.[6]

Finally, he advances the argument that the pre-petition Divorce Decree directive that the Property be sold constituted, as a matter of law, Ballato's abandonment of the Property, thereby eliminating or invalidating Ballato's claim of homestead exemption.

The Court will analyze each of these issues separately.

*Conclusions of Law*

A. *Motions for Summary Judgment.*

This case is before the Court in the procedural context of a motion by the Debtor for partial summary judgment (Doc. No. 75) ("Motion") with respect to the objection to the Debtor's claim that his homestead is exempt under Florida law.

Rule 56 of the Federal Rules of Civil Procedure, as made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, requires the court to enter judgment for the moving party if the matters of record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

On a motion for summary judgment, the moving party bears the initial burden to show that there are no genuine issues of material fact with respect to both its case and with respect to the defenses raised by the non-moving party. *Clark v. Coats Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). With respect to issues upon which the non-moving party has the ultimate burden at trial, the movant need only demonstrate to the court that the record lacks substantial evidence to sustain a necessary element of a defense on which the non-moving party will bear the burden of proof at trial. *Celotex v. Catrett,* 477 U.S. 317, 322–326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *First Nat'l Life Ins. v. California Pac. Life,* 876 F.2d 877, 881 (11th Cir. 1989).

Once the moving party has met that burden, the burden shifts to the non-moving party to demonstrate that there is a material issue of fact that precludes summary judgment. *Clark,* 929 F.2d at 608. In this respect, the non-moving party must then articulate for the court those specific facts that establish an issue for trial. *Moore's Federal Practice 3d ("Moore's"),* § 56.13[3] at 56–151 (2001). The court will determine if there is a triable issue of fact in light of the "actual quantum and quality of proof" the non-moving party must meet at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addition to establishing that there are genuine issues of fact necessitating a trial, the non-moving party must be able to articulate a viable legal theory to prevail at trial. *Moore's* §§ 56.11[8] at 56–131; 56.13[4] at 56–153.

Once the non-moving party is given the benefit of the doubt on all credibility issues and the benefit of any inferences that reasonably might be inferred from the evidence, if the facts and law still do not present "sufficient disagreement" to require a trial, but rather are "so one-sided that one party must prevail as a matter of

---

**6.** While there is nothing in the record to establish this allegation, the Court accepts it as true for purposes hereof.

law," summary judgment must be granted in favor of the moving party. *Anderson,* 477 U.S. at 251–252, 106 S.Ct. 2505. Accordingly, if it is clear from the record that Mitano cannot prove the elements to establish his objection to the homestead exemption, then requiring a trial under such circumstances would be "a waste of time and resources." *Clark,* 929 F.2d at 608.

### B. The Florida Homestead Exemption.

■■■ Preliminarily, it is important to note that the homestead exemption, established by Fla. Const. Art. X, § 4, was designed to protect and preserve the family home. *In re Harrison,* 236 B.R. 788, 789–790 (Bankr.M.D.Fla.1999)(internal citations omitted). Thus, "any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption." *Id.* at 790. It is also well settled that the claim of exemption is to be determined as of the petition date, and not as of the date of conversion to chapter 7. *See* 11 U.S.C. Sec. 348; *In re Sandoval,* 103 F.3d 20 (5th Cir.1997); *In re Marcus,* 1 F.3d 1050(10th Cir.1993); *In re Buick,* 237 B.R. 607, 609 (Bankr.W.D.Pa.1999); *In re Rivera,* 5 B.R. 313, 315 (Bankr.M.D.Fla.1980)("the right to claim exemptions by a Debtor is governed by the facts and governing circumstances which existed on the date the peti-

tion was filed and not by any changes which may have occurred thereafter.").

### 1. Partial Interests Qualifying as Homestead

■■■ In his Objections, Mitrano asserts that the entry of the Divorce Decree, which converted Ballato's ownership interest in the homestead property from tenancy by the entirety to tenancy in common, operated to eliminate or invalidate Ballato's claim of homestead exemption. This assertion is without merit. The homestead exemption provided for under the Florida Constitution[7] makes no distinction between the types of ownership interests in land that qualify for the exemption, and has been interpreted as applying to any interest in land. *See, e.g., Bessemer Properties v. Gamble,* 158 Fla. 38, 27 So.2d 832 (1946) (equitable interest); *Milton v. Milton,* 63 Fla. 533, 58 So. 718 (Fla.1912) (fractional interest); *Southern Walls, Inc. v. Stilwell Corp.,* 810 So.2d 566 (Fla. 5th DCA 2002) (life estate). Consequently, if Ballato otherwise qualified for the homestead exemption on the petition date, the fact that he held his interest in the Property as tenant in common with his former spouse is of no legal consequence.

### 2. Multiple Residents

■■■ Mitrano next asserts that the alleged presence of persons unrelated to Ballato residing at the Property, prior to

---

**7.** Art X, Sec. 4, Fla. Const., which provides for the homestead exemption, states in pertinent part as follows:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family; . . . .

the Petition date, eliminated or invalidated Ballato's claim of homestead exemption. In support of his position, Mitrano cites *In re Englander*, 95 F.3d 1028 (11th Cir. 1996). *Englander* is among a line of cases that provides for the partial or complete disallowance of the homestead exemption in cases where severable portions of the property, usually multi-unit properties, are used solely for income-producing or business purposes. *See, e.g., First Leasing & Funding of Florida, Inc. v. Fiedler*, 591 So.2d 1152 (Fla. 2nd DCA 1992); *In re Wierschem*, 152 B.R. 345 (Bankr.M.D.Fla. 1993); *Thompson v. Hibner*, 705 So.2d 36 (Fla. 3rd DCA 1997).

In the instant case, it is undisputed that the Property is a single-family residence, and that there are no severable portions of the Property being used for income-producing purposes. Even assuming, as Mitrano asserts, that unrelated persons were living with Ballato, and further assuming that those persons were paying rent for the use and occupancy of portions of the Property, the fact that the Property is a single-family residence distinguishes it from the cases cited above. *See, e.g., In re Englander*, 156 B.R. 862, 866–867 (Bankr. M.D.Fla.1992), *aff'd* 95 F.3d 1028 (11th Cir.1996) (rented apartment over garage attached to single-family residence did not defeat claim for homestead status for the entire property); and *In re Makarewicz*, 130 B.R. 620 (Bankr.S.D.Fla.1991) (same).

### 3. *Abandonment of Homestead Exemption*

 Finally, Mitrano asserts that the pre-petition Divorce Decree directive that the Property be sold constituted, as a matter of law, Ballato's abandonment of the homestead exemption. Abandonment of the homestead right under Florida law cannot be found unless the claimant (i) relinquished possession of the property and (ii) formed the intention to discontinue using the property as a homestead. *See Brown v. Lewis*, 520 F.Supp. 1114 (M.D.Fla.1981); *In re Beebe*, 224 B.R. 817 (Bankr.N.D.Fla.1998). In the instant case, it is clear that neither of those circumstances are present.

 Additionally, to conclude that the homestead exemption has been abandoned, the court must find that the abandonment was voluntary. Absence from the homestead that is involuntary or compulsory, or which arises out of health, financial, or family reasons, does not constitute a relinquishment of the homestead rights. *See Barnett Bank of Cocoa, N.A. v. Osborne*, 349 So.2d 223 (Fla. 4th DCA 1977)(the court held that the marital residence was subject to the homestead exemption of the former husband, notwithstanding the former husband and wife having been divorced and the former wife having been awarded exclusive possession of the property.); *In re Buick*, 237 B.R. 607 (Bankr.W.D.Pa.1999); *In re Beebe*, 224 B.R. 817 (Bankr.N.D.Fla.1998); *In re Estate of Pendrys*, 443 So.2d 402 (Fla. 4th DCA 1984); *In re Herr*, 197 B.R. 939 (Bankr.S.D.Fla.1996).

Even if Ballato were absent from the Property as of the Petition Date, the record before this Court establishes, without dispute, that such absence would have been entirely involuntary. Therefore, Mitrano's assertion that the homestead exemption was abandoned must be rejected. *In re Luttge*, 204 B.R. 259, 260–61 (Bankr. M.D.Fla.1997)(court held that chapter 7 debtor did not voluntarily abandon his homestead when he vacated his former residence upon his ex-wife's commencement of divorce proceedings and despite a state court order granting his ex-spouse exclusive use and possession of the residence until the homestead was sold and

the sales proceeds divided between the debtor and ex-spouse).

### Conclusion

Accordingly, for these reasons, the Court concludes that there are no genuine issues as to any material fact, and as a matter of law Ballato is entitled to an order overruling Mitrano's objections to Ballato's claim of homestead exemption. Accordingly, it is

ORDERED:

1. The Motion is hereby granted.

2. The Objections (Doc. Nos. 42 and 121) are hereby overruled.

3. The Court reserves jurisdiction to consider Mitrano's objection to Ballato's claim of exemption in personal property, and will by separate order schedule a final evidentiary hearing.