207 So.2d 431 (1968)
John H. QUIGLEY and Constance M. Quigley, His Wife, Petitioners,
v.
KENNEDY & ELY INSURANCE, INC., a Florida Corporation, Respondent.
No. 36780.
Supreme Court of Florida.
January 24, 1968.
Rehearing Denied March 19, 1968.
Neil Flaxman, Miami Springs, for petitioners.
Albert Tarabour, Coral Gables, for respondent.
ERVIN, Justice.
By petition for writ of certiorari we have for review a decision of the District *432 Court of Appeal, Third District, which passes upon a question certified by that court to be one of great public interest. See Quigley v. Kennedy & Ely Ins., Inc. (Fla., DCA3d), 202 So.2d 610.
We are asked to decide whether the head of a family, joined by his wife, in the face of a recorded judgment against both, may purchase a vacant tract of land adjacent to their established homestead tract and thus secure the benefit of the constitutional homestead exemption from levy upon the additional tract where the total acreage of the two contiguous tracts is less than 160 acres.
The petitioners, Mr. and Mrs. John H. Quigley, owned a seven and one-half acre homestead. A judgment in favor of Respondent was entered against Petitioners on October 31, 1966. On November 23, 1965, in a deposition in aid of execution, Petitioners testified that the seven and one-half acres constituted their homestead and that it was the only real property they owned.
Subsequently, on January 16, 1967, Petitioners purchased a vacant seven and one-half acre tract of land adjacent to the homestead tract they already owned. Respondent then attempted to levy on the newly acquired tract and Petitioners countered by filing an affidavit of exemption upon the two tracts as one, claiming the entire fifteen acres as their homestead under Article X, Section 1 of the Florida Constitution, F.S.A.
After trial of the case the trial judge found "that the later acquired parcel * * was acquired subject to the lien of the prior recorded judgment entered in this case and is therefore subject to levy and execution as not being homestead."
On appeal, the District Court of Appeal, Third District, affirmed the trial judge. The District Court stated that to allow the new tract as additional homestead "would permit the judgment-debtors [Petitioners] to deposit funds out of the reach of the judgment-creditor [Respondent]." The District Court went on to say that allowance of such procedure "would provide a basis upon which each head of a family might use after acquired surplus to increase his estate without paying his just debts." It is this decision which we now review.
Article X, Section 1, of the Florida Constitution, provides in part:
"A homestead to the extent of one hundred and sixty acres of land * * * owned by the head of a family residing in this State, together with * * * the improvements on the real estate, shall be exempt from forced sale under process of any court * * * and no judgment or decree or execution shall be a lien upon exempted property * * *"
The section just cited provides certain exceptions to the exemption but the type of judgment here involved is not included among them.
It is well settled by decisions of this Court and of the District Courts of Appeal that the exemption provision of Article X, Section 1 should be liberally construed in the interest of protecting the family home. Graham v. Azar (Fla. 1967), 204 So.2d 193; Olesky v. Nichols (Fla. 1955), 82 So.2d 510; In re Livingston's Estate, 161 So.2d 723 (Fla., DCA2d 1964); White v. Posick, 150 So.2d 263 (DCA2d 1963). Regarding the exceptions to the exemptions, however, it has been held that they should be strictly construed. Graham v. Azar, supra.
The language as to the exemptions in Article X, Section 1 of the Florida Constitution is clear and specific. As it pertains to land outside the limits of an incorporated city or town, the head of a family may claim exemption "to the extent of one hundred and sixty acres of land * * *" which land "shall be exempt from forced sale * * *" The section further provides, in unambiguous terms, that "no *433 judgment or decree or execution shall be a lien upon exempted property."
When the rule of liberality of construction of the exemption provisions of Article X, Section 1 and the clear language of the Constitution itself are applied to the instant situation, we can arrive at no conclusion other than to disagree with the District Court.
Merely because of the fact the Petitioners did have property of exempt homestead status at the time judgment was awarded against them, did not prevent them from enlarging their homestead holding by the subsequent purchase of the adjacent seven and one-half acre tract. When Petitioners purchased the adjacent vacant seven and one-half acres it eo instanti became a part of the homestead. The rule appears to be that "if the homestead right and the lien attach simultaneously, as in the case of a purchase or inheritance of land by a judgment debtor, priority is also accorded to the claimant of the homestead right." 26 Am.Jur., Homesteads, § 101, p. 64.
In 40 C.J.S. Homesteads, § 56, the text reads in part:
"The amount and extent of the homestead, as fixed by constitution or statute, cannot be exceeded; but a homestead already acquired may be enlarged or increased to the maximum allowed, the addition becoming a part of the homestead * * *"
Petitioners' homestead is now fifteen acres, which is well within the one hundred and sixty acres allowance of the Constitution.
The situation would have been different had the parcel purchased by Petitioners not been contiguous to the seven and one-half acres they already owned as their homestead. See Pasco v. Harley, 73 Fla. 819, 75 So. 30. Also 16 Fla.Jur., Homesteads, §§ 16 and 41.
The suggestion of the District Court that a judgment debtor should be restricted to land he already owns as his homestead to prevent him from depositing his funds or surplus out of the reach of his judgment creditor for the purchase of additional homestead lands appears contrary to the clear intent of the homestead provision of the Constitution. Furthermore, such suggestion overlooks situations where the acquisition of additional homestead lands may result through the use of borrowed funds or by inheritance or some other manner than that suggested by the District Court.
The certified question is answered by the foregoing and the decision of the District Court is quashed.
THOMAS, ROBERTS and ADAMS, JJ., concur.
CALDWELL, C.J., dissents.