MAGER, Chief Judge.
A final judgment of foreclosure was entered in favor of A. D. Bessemer, et al., plaintiffs-appellees,[1] and against Robert B. Gersten and Dina B. Gersten, his wife, defendants-appellants, for failure to pay a recreational lease fee. The defendants have appealed and we reverse.
It is contended that a valid lien for nonpayment of a recreational lease fee was in existence prior to the establishment of the homestead property so as to give rise to the enforceability of such lien by foreclosure (and forced sale).
Factually, on February 25, 1969, the defendants executed a “Contract for Purchase and Sale” with the Behring Corporation for the construction and purchase of a home in a subdivision, Tamarac Mainlands. The contract specifically provided that the purchaser would agree to pay a monthly maintenance and recreational facility charge to the “seller or the City of Tamarac or assigns”.
On January 8, 1970, Behring recorded a “Declaration of Restrictions” covering the subdivision on which defendants’ home was being built. Included within the Declaration was the obligation of each unit owner to pay a monthly recreational fee for the use of a recreational facility to be built by Behring upon certain leased lots within the subdivision. The Declaration provided for the establishment of a lien upon such owners’ lots for nonpayment of the recreational lease fee and foreclosure in the same manner provided for foreclosure on real property-
On November 27, 1970 the defendants took title to their new home and received a deed at that time. (The deed does not appear in the record on appeal). At oral argument; counsel for the parties indicated that the deed made reference to the previously recorded Declaration of Restrictions. However, it was defendants contention that they had no actual notice of lien — the contract for sale made no reference to the lien and they were never informed of the Declaration of Restrictions. It was only after the closing that defendants became aware of the lien provisions.
It should be pointed out that defendants do not challenge their contractual obligation to pay a recreational fee pursuant to the original contract for sale. The essence of their position is the assertion that there was no lien which could have been the subject of a foreclosure against their homestead property.
*70 Contrary to the defendants’ contentions about lack of (actual) notice, the record clearly reflects recordation of the “Declaration of Restrictions” which would constitute constructive notice of the obligation to pay the recreational assessment fee and constructive notice of the existence of a lien for nonpayment. Vetzel v. Brown, 86 So.2d 138 (Fla.1956). It might also be observed that defendants may have had “implied and actual notice” from the deed which was executed and delivered at the time of closing, and which deed purportedly makes reference to the Declaration of Restrictions containing the lien provision. However, since the deed is not contained in the record on appeal it is impossible for us to ascertain with any degree of certainty what, if any, notice was imparted by the deed. Cf. Pierson v. Sharp, 283 So.2d 880 (Fla. 4th DCA 1973).
A lien may be created only by contract of the parties or by operation of law. 21 Fla.Jur., Liens, § 3. The original “Contract for Purchase and Sale” makes no reference whatsoever to the creation of a lien. The unilateral recording of a Declaration of Restrictions, to which defendants were not a party, did not create a lien either by contract or by operation of law. Nor do the circumstances reflect creation of an equitable lien. See 21 Fla.Jur., supra, § 8. It would seem that the only way it can be urged that a lien was created by “contract” was at the time the parties executed the deed which allegedly incorporated by reference the Declaration of Restrictions. Since the parties tacitly recognized (at oral argument) that the deed did incorporate by reference the Declaration of Restrictions, it follows that a lien was created by contract at the time of closing. See Peninsular Point, Inc. v. South Georgia Dairy Co-op., 251 So.2d 690 (Fla. 1st DCA 1971).
However, the creation of a lien does not necessarily mean that it is enforceable in the case under consideration. There is no dispute in the record that the property in question is homestead property. It is the plaintiff’s contention that a valid “contractual” lien was created prior to the establishment of a homestead property and is thereby enforceable by foreclosure and forced sale. See 16 Fla.Jur., Homesteads § 41. Article X, section 4, Constitution of Florida, exempts homestead property, as follows:
“(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
(1) a homestead . . ” (emphasis added).
The “lien” in question, which was contractually created and arose as a result of the nonpayment of the recreational lease fee, does not fall within any of the permissible exceptions to forced sale set forth in Article X, section 4. In particular it is not an “obligation(s) contracted for the purchase” of the homestead such as a mortgage and thereby enforceable by foreclosure. Lewton v. Hower, 18 Fla. 872 (1882). Moreover, the lien was not one which as a matter of law, can be said to have been created prior to the establishment of the homestead. Rather, it is a lien which attached to the property after or simultaneously with the establishment of the homestead and therefore becomes subservient to the homestead protections. Quigley v. Kennedy & Ely Insurance, Inc., 207 So.2d 431 (Fla.1968). In other words, the lien was not a lawfully acquired prior lien.
As heretofore indicated, the lien was contractually created at the time the deed was executed and delivered to the defendants, which was the same time the homestead was established so that the homestead rights and the lien rights attached simultaneously. Under such circumstances, priority must be “accorded to the claimant of the homestead right”, Quigley, supra.
Accordingly, the final judgment of foreclosure is vacated and set aside and the cause remanded for further proceedings *71 consistent herewith. Nothing contained herein is intended to preclude the plaintiffs-appellees from otherwise enforcing its rights against non-homestead property of the defendants-appellants or taking such other action as may be consistent herewith.
DAUKSCH, J„ and WEAVER, SIDNEY M., Associate Judge, concur.

. The plaintiffs-appellees are the assignees and successors in interest to the original developer