In re George and Nancy
KRUEGER, Debtors.

Bankruptcy No. 88–01873–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Aug. 15, 1988.

---

## ORDER ON OBJECTION TO EXEMPTION

THOMAS C. BRITTON, Chief Judge.

A judgment creditor, Dr. Timothy Dyer, has objected (CP 10) to the debtors' claim of exemption for their residence located in Palm Beach County. The creditor's objection to the debtors' valuation of personal property was heard on July 26, 1988 with the foregoing objection and has been resolved by a separate order. (CP 19).

The debtors' entitlement to homestead status is determined by Florida law. There is no question that on the date of filing their bankruptcy petition, May 13, 1988, the debtors resided on the subject property. No objection has been raised to the debtors' entitlement to claim the homestead exemption for purposes of this bankruptcy case other than the asserted priority sought by this objecting judgment creditor. The objection seeks to establish that the rights of this creditor are superior to the debtors' homestead claim.

The creditor argues that even though the debtors purchased the real property and took title on June 30, 1987, occupancy of the residence by the debtors did not occur until July 3, 1987 and, therefore, the previously recorded judgment attached as a lien before the property qualified as homestead under Florida law. The creditor does not seriously dispute that if the debtors had *immediately* occupied the residence after obtaining title, the established rule followed by the Florida court in *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431, 433 (Fla.1968) would apply:

"if the homestead right and the lien attach simultaneously, as in the case of a *purchase* or inheritance of land by a judgment debtor, priority is also accorded to the claimant of the homestead right." (Emphasis added).

The debtors claim they are entitled to the homestead status as of the date of the purchase. The undisputed testimony is that before actual permanent occupancy on July 3, the debtors moved some of their belongings and "cleaned and fixed up" the premises. Apparently, the debtors slept in their rental apartment for three nights between the closing and their permanent occupancy of the newly-acquired home. They could not claim the rental apartment as homestead and had a clear intention of vacating it. I find that the debtors made preparation through their actions to establish a permanent residence in the subject property on the evening of the closing, June 30.

In *Semple v. Semple*, 89 So. 638, 639 (Fla.1921), the court stated:

"Where it is clearly the manifest intention of the owner to occupy the premises immediately as a home, and this intention is evidenced by specific acts and doings

that are not compatible with a different intention, and there is nothing done by the claimant showing a different intention, or that is inconsistent with the asserted intention to make the place his homestead, the homestead character will attach."

This discussion is applicable here. *See also Matter of Claflin,* 761 F.2d 1088, 1091 (5th Cir.1985) (applying Texas law); 40 *Am. Jur.2d,* Homestead, § 75 n. 14.

Other than the *Semple* case, the issue of intent of the owner is given sparse treatment in reported decisions in Florida other than in the context of abandonment of homestead, even though the occurrence of purchase of real property by judgment debtors is probably not uncommon. The quoted language in *Quigley, supra,* regarding *purchase* is a strong indication that judgment creditors must concede the inevitable, that homestead rights prevail under the circumstances of being afforded liberal treatment under the law.

It is reasonable under the facts here to avoid the harsh consequences the creditor proposes whereby a debtor would be deprived of the benefit of homestead if he did not immediately race from a real estate closing to a fully prepared home ready for immediate occupancy. I find this interpretation implausible.

As stated in *Vandiver v. Vincent,* 139 So.2d 704, 708 (Fla.Dist.Ct.App.1962), regarding the homestead laws:

"their purpose is to secure the home to the family even at the sacrifice of just demands, the preservation of the home being deemed of paramount importance."

The objection is overruled and the claimed exemption is allowed.