**In re Livia G. WALKER, Debtor.**

**No. 9:05–BK–19042–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 7, 2006.

Philip L. Burnett, Fort Myers, FL, for Debtor.

### ORDER ON VERIFIED MOTION TO AVOID FIXING OF A LIEN WHICH IMPAIRS AN EXEMPTION

(Doc. No. 16)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is a Verified Motion to Avoid Fixing of a Lien Which Impairs an Exemption pursuant to Section 522(f)(1). In her Motion, Ms. Livia G. Walker (Debtor) contends that the judgment lien on record impairs her right to exemptions and, therefore, she is entitled to a determination by this Court that the judgment lien is unenforceable against her homestead.

The facts relevant to the resolution of the Debtor's right to relief are without dispute, and may be summarized as follows. On or about May 10, 1995, Wachovia Bank, National Association, s/i/i/t First Union National Bank of Georgia (Judgment Creditor) obtained a money judgment against the Debtor in the amount of $51, 857.78, plus interest of $10, 243.09 in the Circuit Court of Lee County. At the time the Judgment Creditor obtained the lien, the Debtor did not reside at the property she later claimed as exempt homestead.

On May 25, 1995, the Judgment Creditor placed a certified copy of the Judgment in the public records of Lee County where the property is located. Some time in 1999, or four years later, the Debtor acquired the subject property located at 4826 Agualinda Blvd., Cape Coral, Florida, 33914, which is her current residence. This is the subject property that she is claiming as exempt under Florida Constitution, Art. X, Section 4. Further, it is without dispute that at the time the judgment was recorded, the Debtor had no interest in the subject property.

On September 19, 2005, the Debtor filed her Chapter 7 Petition for Relief and on Schedule C claimed the subject property exempt as homestead. On November 1, 2005, the Section 341 Meeting of Creditors was held in the Debtor's case and no objection was filed to her homestead claim, during the period provided for objections by F.R.B.P. 4003(b), and even as to date. As a result, this claim of exemption was allowed as a matter of law. The present Verified Motion to Avoid Fixing of a Lien Which Impairs an Exemption was filed on December 1, 2005 (Doc. No. 16).

Based on the foregoing, it is the Debtor's contention that under the applicable law of this State, the judgment lien attached simultaneously with the Debtor's acquisition of the subject property and therefore is subject to avoidance by the Debtor pursuant to Section 522(f)(1). In its Response to the Motion (Doc. No. 25), the Judgment Creditor does not dispute the facts as recited, but contends that the judgment was of record pre-dating the Debtor's purchase of the property and, under the applicable law, the lien is not avoidable pursuant to Section 522(f)(1), citing *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), and *Owen v. Owen (In re Owen)*, 961 F.2d 170 (11th Cir.1992) cert. den. 506 U.S. 1022, 113 S.Ct. 659, 121 L.Ed.2d 584 (1992).

To determine whether a debtor may appropriately avoid a judicial lien under Section 522(f)(1), "first, the lien at issue must have fixed on an interest of the debtor in property, and second, the lien must impair an exemption to which the debtor would have been entitled." *In re Cooper*, 202 B.R. 319, 322 (Bankr.M.D.Fla. 1995). In order for a lien to fix to an interest in property, the property interest must predate the existence of the lien. *Farrey*, 500 U.S. at 296, 111 S.Ct. 1825. On remand, the court in *In re Owen*, 961

F.2d at 172, relied on the Supreme Court for the proposition that "unless the debtor had the property interest to which the lien attached at some point before the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." The 11th Circuit held that the recorded judgment became a lien on the property at the time the debtor acquired the property and therefore, there was never a fixing of a lien on an interest of the debtor. *In re Owen*, 961 F.2d at 172

The judgment lien held by the Judgment Creditor presently under consideration attached to property currently owned by the Judgment Debtor. In this case, the lien is said to "spring to life the minute the debtor acquires property to which it attaches." *Allison on the Ocean, Inc. v. Paul's Carpet*, 479 So.2d 188, 190–91 (Fla. 3d DCA 1985).

The Debtor contends that because the judgment attached simultaneously with her acquisition of the subject property, this Court should deem it unenforceable against her homestead (Doc. No. 16). In support of her position, the Debtor relies on the case of *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431 (Fla.1968).

The petitioners in *Quigley*, owned a 7½ acre parcel of homestead property and subsequently purchased a vacant 7½ acre tract of land adjacent to their homestead, claiming the entire 15 acres as exempt homestead. The issue presented in the case was whether the petitioners could, in the face of a recorded judgment against them, purchase the vacant tract and thus secure the benefit of the homestead exemption from levy. The Florida Supreme Court allowed petitioners the protection of the homestead exemption in regard to the entire 15 acre parcel even though the later acquired parcel was acquired subject to the lien of the prior recorded judgment.

In deciding for the petitioners, the Court reasoned that "[t]he rule appears to be that 'if the homestead right and the lien attach simultaneously, as in the case of a purchase or inheritance of land by a judgment debtor, priority is also accorded to the claimant of the homestead right.'" *Quigley*, 207 So.2d at 433.

Upon close analysis, this Court is constrained to reject the applicability of *Quigley* based on significant factual differences between the present case and *Quigley*. Most notably, in *Quigley* the first parcel of land owned by the petitioners was already protected homestead before the purchase of the adjoining vacant tract. Moreover, acquisition of the vacant tract in *Quigley* is no different from the situation in which a debtor has a main residence covered by homestead and the adjoining parcel of debtor's property is used as part of the debtor's residence, like an addition. Based on the foregoing, this Court is satisfied that the Debtor's Verified Motion to Avoid Fixing of a Lien Which Impairs an Exemption pursuant to Section 522(f)(1) should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Verified Motion to Avoid Fixing of a Lien Which Impairs an Exemption pursuant to Section 522(f)(1) filed by the Debtor be, and the same is hereby denied.