**In re Livia G. WALKER, Debtor.**

**No. 05–bk–19042–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

March 29, 2006.

Philip L. Burnett, Fort Myers, FL, for Debtor.

### ORDER GRANTING DEBTOR'S MOTION FOR REHEARING

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the Chapter 7 case of Livia G. Walker (Debtor) is a Motion for Rehearing, filed by the Debtor. The Motion is directed to an Order (Doc. No. 36) entered by this Court on February 7, 2006, in which this Court held that the Debtor's Verified Motion to Avoid Fixing of a Lien Which Impairs Exemption (Doc. No. 16) filed pursuant to Section 522(f)(1) of the Bankruptcy Code was not well taken and denied the relief sought. In her Motion for Rehearing, the Debtor contends that this Court erred as a matter of law and, therefore, should reconsider the denial and grant her Motion to invalidate the judgment lien involved in the dispute.

It should be noted at the outset that the Motion for Rehearing is not based on the discovery of new evidence but rather on the contention of the Debtor that the Order of February 7, 2006, was based on an erroneous construction of the case law, specifically, the fact that this Court disregarded *Quigley v. Kennedy & Ely Ins. Inc.*, 207 So.2d 431 (Fla.1968) and erroneously relied on *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), remanded to 961 F.2d 170 (11th Cir.1992) and *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). The facts relevant to the narrow issue before this Court are undisputed and can be summarized as follows.

On May 10, 1995, Wachovia obtained a money judgment against the Debtor in the amount of $51,857.78 plus $10,243.09 in interest. On May 25, 1995, Wachovia re-corded a certified copy of the judgment in the public records of Lee County, Florida. At that time, the Debtor had no interest in any real property in Lee County. In 1999, four years after the judgment was recorded, the Debtor and her husband acquired the residence located at 4826 Agualinda Blvd., in Cape Coral, Florida.

On September 19, 2005, the Debtor filed a Petition for Relief under Chapter 7. On her Schedules, the Debtor claimed an exemption of the Agualinda Blvd. property as her homestead under Article X, Section 4 of the Florida Constitution. On November 1, 2005, the Section 341 meeting of creditors was held and no objection to the Debtor's homestead exemption was ever filed, thus her claim of exemption concerning the residence was automatically allowed and no longer subject to a challenge. *In re Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). On December 1, 2005, the Debtor filed her Verified Motion to Avoid Fixing of a Lien Which Impairs Exemption claiming that the judgment lien on record impairs her rights to the full enjoyment of the homestead protection granted to individuals by Article X, Section 4 of The Florida Constitution. In due course, her Motion was set for hearing at which time this Court heard oral arguments and thereafter, on February 7, 2006, entered an Order in which this Court denied the Debtor's Motion. On February 16, 2006, the Debtor filed the present Motion for Rehearing and this Court heard arguments from both sides and now finds and concludes as follows.

Having considered the Debtor's Motion for Rehearing, this Court is satisfied that the Motion is well taken and should be granted. Further, upon reconsideration, this Court is satisfied that the Debtor's Motion to Avoid Fixing of the lien of Wa-

chovia is well taken and should be granted for the reasons outlined below.

The Motion under consideration raises the scope and extent of the protection granted to the homestead in Florida by Article X, Section 4 of the Florida Constitution and the right of a debtor to avoid judicial liens granted by Section 522(f)(1).

■ It is well established that the protection granted to a homestead by Article X, Section 4 of the Florida Constitution immunizes such property from all claims of creditors, and from any liens except liens securing tax obligations, consensual liens, i.e. mortgages, and liens of mechanics or material lien holders who contribute to the improvement of the homestead. *Havoco of America, Ltd. v. Hill,* 197 F.3d 1135 (11th cir.1999). Section 522(f)(1) permits an individual debtor to avoid a judicial lien, i.e. a judgment lien on exempt property, to the extent such lien impairs an exemption to which a debtor is entitled. Clearly, these provisions are complementary to each other. Section 522(f)(1) was designed not to curtail, but to implement a debtor's right to full enjoyment of the exemption granted by applicable law. A dispute arises, however, concerning the time at which the judicial lien became "fixed" on the subject property.

There are ordinarily three scenarios under which this issue arises. Under the first one, the lien is recorded and attached to property owned by a debtor at a time when it is not protected by the homestead exemption, but later on became the debtor's homestead when the debtor filed bankruptcy. This is precisely what happened in *Owen.* 961 F.2d 170. Under the second scenario, the lien is recorded post-petition, in which case not only is the lien invalid, but the recordation is a violation of the debtor's automatic stay under Section 362 of the Bankruptcy Code.

Finally, in the third scenario the recordation of a lien occurs at the same time as the acquisition of the home. Facially, this appears to be the same scenario as in *Farrey.* However, *Farrey* did not concern the interpretation of Florida homestead law, and second, the property in question in *Farrey* was marital property which was in fact a homestead of the debtor and his ex-spouse. Upon the dissolution of the marriage, the divorce court awarded full ownership to the debtor and granted the ex-spouse a lien on the property to secure the payment of monetary obligations imposed on the debtor by the divorce decree. In *Farrey,* The United States Supreme Court reasoned that the ex-spouse's judgment lien attached at the same time the debtor acquired the interest in a homestead, which is not correct factually because the debtor had an interest in the property prior to the dissolution of the marriage. The fact that, prior to the dissolution of the marriage, the home was owned by the husband and wife as tenancy by the entireties is of no consequence. For this reason, the factual situation in *Quigley* is more synonymous with what is involved here.

In the *Quigley* case, the property was newly acquired by the debtor, which was adjacent to the property already owned by the debtor as the debtor's homestead. Clearly in *Quigley,* the judgment lien attached to the newly acquired property at the same time the debtor acquired interest in the property. Based on these facts, the court concluded "if the homestead right and the lien attach simultaneously, as in the case of a purchase or inheritance of a land by a judgment debtor, priority is also accorded to the claimant of the homestead right." 207 So.2d at 433.

■ The facts of this case most closely resemble the case of *Bowers v. Mozingo,* 399 So.2d 492 (3d DCA 1981). In *Bowers,*

**402**

the Third District Court of Appeals of Florida was called upon to deal with a similar situation when the debtor acquired interest in the property by virtue of inheritance. The court held that if a judgment debtor acquired a homestead right when he acquired an ownership interest in property both the homestead right and a previously recorded judgment lien would attach simultaneously on that position of the ownership interest. Based on this scenario, the court concluded that under such circumstances, the homestead right would have priority, and the judgment lien was not fixed on the homestead and was unenforceable. The court's conclusion was supported by case law. *Milton v. Milton*, 63 Fla. 533, 58 So. 718 (1912); *Pasco v. Harley*, 73 Fla. 819, 75 So. 30 (1917); *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431 (Fla.1968); *Aetna Insurance Company v. LaGasse*, 223 So.2d 727 (Fla.1969).

In the present instance, it is without dispute that, at the time a certified copy of the judgment was recorded in Lee County, the Debtor had no interest in any real property located in Lee County. It follows that, at that point, the judgment creditor's lien did not attach to any property of the Debtor. It is equally clear that the first time Wachovia's lien fixed to the property in dispute, if it fixed to the property at all, was at the same that the Debtor acquired her interest in the subject property.

Unless this Court rejects the previously stated conclusion that *Quigley* is not applicable to the facts involved here, it would be impossible for a judgment debtor to enjoy the benefits of the Florida homestead exemption when a pre-existing judgment has already been recorded in the public records, but attaches to property when the judgment debtor finally acquires a homestead. In sum, this Court is satisfied that its previous Order which denied the Debtor's ability to avoid the judgment lien was in error and, therefore, it is appropriate to reconsider and correct that error and grant the Debtor's Motion to invalidate the judgment lien pursuant to Section 522(f)(1) for the reasons stated above.

Accordingly, it is

ORDERED, ADJUDGED, AND DECREED that upon reconsideration the Motion for Rehearing (Doc. No. 38) filed by Livia G. Walker be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED, AND DECREED that the Court's Order Denying Verified Motion to Avoid Fixing of a Lien Which Impairs an Exemption entered on February 7, 2006, (Doc. No. 36) is vacated. It is further

ORDERED, ADJUDGED, AND DECREED that the Debtor's Verified Motion to Avoid Fixing of a Lien Which Impairs an Exemption (Doc. No. 16) be, and the same is hereby, granted.

DONE AND ORDERED.