JENNIFER WALKER ELROD, Circuit Judge,
dissenting:
The question before us is whether Florida’s broad constitutional homestead exemption protects Wendy Silette’s home from being the subject of an equitable lien and foreclosure sale to benefit other persons who were defrauded by a third party. Silette is an innocent third party who, after receiving a gift of cash from George Hudgins, used that cash to pay off a mortgage on her homestead. Both parties concede that there is no evidence in the record suggesting Silette had involvement with or knowledge of Hudgins’s fraudulent activities. Silette’s interests in retaining her home are pitted against those of other innocent parties — the investors who were defrauded of thousands of dollars in investments as a result of Hudgins’s Ponzi scheme. Because this case calls us to interpret a narrow fraud exception to the Florida Constitution’s famously broad homestead exemption, and the Florida Supreme Court has never held that the exception is applicable against a homestead under these circumstances, I would hold that Silette’s home cannot be sold in order to bring some measure of recoupment to Hudgins’s investors.
The record establishes that Silette is, and has always been, the sole owner of the home at issue. At the time Silette met Hudgins, she had purchased the home in her own name, and she had established equity in the unit. It is equally clear that Hudgins, the fraudfeasor, has absolutely no connection to the home. He never lived in the home, and he has never transferred money into the home or established an ownership interest in the home. However, because Silette accepted a cash gift from Hudgins which she then used to pay down her mortgage, she stands to lose her home and all equity which she had accrued. This result runs afoul of the protections provided to Silette’s home by the Florida Constitution.
Article X, Section 4 of the Florida constitution provides that the homestead
shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor *283 performed on the realty, the following property owned by a natural person.
Florida courts have repeatedly held that the homestead exemption is “to be liberally construed in the interest of protecting the family home.” Havoco of Am., Ltd. v. Hill, 790 So.2d 1018, 1020 (Fla.2001).
Article X contains no explicit exception permitting liens against Florida homesteads on the basis of fraud. However, the Florida Supreme Court has created a narrow exception to the homestead provision in the Florida Constitution in order to prevent unjust enrichment and has guarded against further encroachments upon the constitutional homestead exemption by directing that courts should apply “a liberal, nontechnical interpretation of the homestead exemption and strict construction of the exceptions to that exemption.” Butterworth v. Caggiano, 605 So.2d 56, 61 (Fla.1992); see also Quigley v. Kennedy & Ely Ins., Inc., 207 So.2d 431, 432-33 (Fla.1968) (declining to find an exception to Florida’s constitutional homestead exemption on the basis of preventing debt-circumvention, and holding that a parcel of land adjacent to the homestead property, which was purchased after the entry of judgment against the owner, was nevertheless exempt from levy and execution as being part of the homestead); In re Lazin, 221 B.R. 982, 988 (Bankr.M.D.Fla.1998).
Indeed, in each case where the Florida Supreme Court has upheld the imposition of an equitable lien against an innocent owner’s homestead, two conditions existed, neither of which are present here: (1) the fraudfeasor personally used fraudulently acquired funds to improve the homestead or pay down the debt on the homestead, and (2) the fraudfeasor possessed an ownership interest in the property at the time of the transfer or mortgage acquisition. See Palm Beach Savings & Loan Ass’n, F.S.A. v. Fishbein, 619 So.2d 267, 268-71 (Fla.l993); see also In re Fin. Fed. Title & Trust, Inc., 347 F.3d 880, 890-91 (11th Cir.2003). In Fishbein, the Florida Supreme Court permitted a bank to impose an equitable lien on a home solely owned by Ms. Fishbein' — -an innocent party. However, the house had been in the common ownership of both Mr. and Ms. Fishbein at the time that Mr. Fishbein fraudulently obtained a mortgage on that homestead by forging her signature. Even though Ms. Fishbein was innocent and obtained sole possession of the house following the divorce, the Florida Supreme Court upheld the lien to prevent unjust enrichment resulting from Mr. Fishbein’s illegal obtainment of the mortgage. Fishbein, So.2d at. at 269-70. Likewise, in In re Financial Federated Title and Trust, Inc., the Eleventh Circuit affirmed a bankruptcy court’s order imposing an equitable lien against a homestead in a case in which the perpetrator’s wife was unaware that the funds used to purchase the home had been fraudulently acquired in her husband’s Ponzi scheme. See id. 890-91. But there, both the husband and wife used the fraudulently obtained funds to purchase the home, and the purchase enabled the fraudfeasor to become an owner of the home. See id. at 884.
There is no question that the conditions in Fishbein and In re Financial Federated Title & Trust are not present here. In this instance, it was Silette-not the fraudfeasor-who used the funds to pay off the mortgage on her homestead. As such, there is no danger that the homestead exemption might be “applied as to make it an instrument of fraud or imposition upon creditors,” the very concern that motivated the court to engraft the fraud exception onto Article X, Section 4. Id. at 1020 (quoting Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912)). And unlike in the cases the majority relies upon, in which the fraudfeasor owned the homestead at the time of the fraudulent transfer or as a *284 result of that transfer, Hudgins never had any ownership interest in Silette’s condominium. The Florida Supreme Court has never authorized the imposition of an equitable lien upon a homestead based on the fraudulent endeavors of a person who never actually owned the homestead.
In light of the Florida Supreme Court’s admonition that its “equitable lien jurisprudence should not be read too broadly” to enlarge the fraud exception, Havoco, 790 So.2d at 1027, we should be reluctant to expand a strictly limited, equitable exception to the Florida Constitution’s homestead exemption without clear guidance from the Florida Supreme Court. I would hold that Article X, Section 4 of the Florida Constitution does not permit the imposition of an equitable lien on Silette’s homestead. Accordingly, I respectfully dissent.